JOHN BLACKBURN, Clerk Superior Court, &c., v. C. B. BROOKS and HALEY DAVIS.

A note given for land sold in November, 1864, upon a credit, with the understanding at the time of said sale that payment would be required in "*undepreciated money*," does not mean specie, or its equivalent.

The time and circumstances under which said note was given are to be considered in ascertaining the intention of the parties, and these things, together with the conditions of sale, indicate that payment was to be made in money receivable in the ordinary commercial and business transactions of the country.

This was a proceeding by motion under Rev. Code. chap 31, sec. 129, tried before *Cloud, J.*, at Spring Term, 1871, of FORSYTHE Superior Court.

It was agreed that his Honor should pass upon the facts, which he found to be as follows:

(1.) The bond upon which the motion is based is in the following words, to wit:

" Twelve months after date we or either of us promise to pay D. H. Starbuck, Clerk and Master of Forsythe Court of Equity, fifteen hundred and twenty-five dollars, being the purchase money for three hundred acres of land sold under a decree of said Court, as the property of the heirs of Thos. Voss, deceased. Witness our hands and seals 23rd November, 1864." Signed by defendants.

(2.) That the conditions of the sale of said land were known to the defendants, and amongst other conditions, the purchaser of said land was required to make payment in *undepreciated money*.

(3.) That the obligors of said bond made various payments thereon, prior to the 2nd November, 1870, in legal tender United States Treasury Notes, and that on said day, defendants paid the balance of the principal and interest due thereon in said currency.

(4.) That the plaintiff, who is Clerk of the Superior Court

of said County, at the request of the parties interested, demanded twelve per cent for depreciation of said legal tender notes, which defendants refused to pay, whereupon the plaintiff gave the usual notice to defendants of his intention to apply for judgment for balance due on said note, at Spring Term, 1871, of said Superior Court.

His Honor upon the foregoing facts, decided:

1. That said bond was not payable and dischargeable in the legal tender treasury notes of the United States, and could only be discharged by payment in specie, or its equivalent.

2. That although the defendants had paid the principal and interest of said note according to the face thereof, yet they were bound to pay twelve per cent., for the depreciation of said legal tender currency at the respective dates of payment; and rendered judgment for $228.84, (being the amount of said depreciation,) from which judgment, defendants appealed.

No counsel for plaintiff.

*T. J. Wilson,* for defendant.

DICK, J. This is a motion for judgment upon a bond given at a judicial sale. Rev. Code, ch. 31, sec. 128.

The bond was executed on the 23d of November, 1864, and comes within the operation of the statute of 1866, chap. 39.

The terms of sale which were made known to the defendants, rebuts the presumption created by the statute, and makes the bond solvable in *undepreciated money.* The meaning of this contract is a question of law, and must be construed according to the intent and understanding of the parties, at the time when it was executed. At that time coin had virtually ceased to be a circulating medium, and there were several kinds of depreciated paper currency, which differed greatly in value. If the property had been sold for coin it would not have brought its full value. The disturbances of the times had greatly deranged financial matters, and coin had a fictitious

BLACKBURN *v.* BROOKS and DAVIS.

value, and could not be obtained without much difficulty. The purpose of the vendor, who was an officer of the Court, was to secure himself and the parties interested in the proceeds of the sale, against payment in the depreciated currency of the country. If his purpose was to demand gold or silver, he ought, in common fairness, to have so declared in his terms of sale.

We conclude, after considering the facts in the case in connection with the circumstances of the times, that the understanding between the parties was, that payment was to be made in money of par legal value, and not at a discount in the ordinary commercial and business transactions of the country.

Money is a representative of value, established by law, and made a legal tender in the payment of debts. In this country we now have two kinds of money, i. e., coin and treasury notes, but, in contemplation of law, they are of equal value in the payment of private debts. Treasury notes may therefore be regarded in the payment of this bond as "*undepreciated money,*" and as the holder received the nominal amount and interest in treasury notes, the bond was satisfied and discharged, and judgment ought not to have been rendered for any premium, as on a special contract.

There was error.

PER CURIAM.                               Judgment reversed