**J.L. FORD, Plaintiff-Appellee,**

v.

**J. Aubrey ALLEN, W.J. Robinson and Unus Bass, Defendants-Appellees,**

**Lynn Duncan, in His Official Capacity as United States Marshal For the Northern District of Georgia, Intervenor-Appellant.**

**No. 83–8542**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

March 30, 1984.

Myles E. Eastwood, Asst. U.S. Atty., Atlanta, Ga., L. Jan Pack, Barbara L. Herwig, Attys., Appellate Staff, Civ. Div., U.S. Dept. of Justice, Washington, D.C., for intervenor-appellant.

Before HATCHETT, ANDERSON and CLARK, Circuit Judges.

PER CURIAM:

This is an appeal by the United States Marshal for the Northern District of Georgia, as intervenor-appellant, from an order of the United States District Court for the Northern District of Georgia. The order requires the U.S. Marshal to bear the entire *habeas corpus ad testificandum* responsibility for producing a state prison inmate in federal district court to testify at the trial of his *pro se* 42 U.S.C. § 1983 action against county employees.

■ The U.S. Marshal argues that under *Ballard v. Spradley,* 557 F.2d 476 (5th Cir. 1977), the responsibility of compliance with a writ of *habeas corpus ad testificandum* must be shared by the state's penal authority. Although *Ballard* upheld an order dividing such responsibility between the state and the U.S. Marshal, *id.* at 481, nothing in *Ballard requires* this arrangement. Indeed, the same reasons that permitted the district court in *Ballard* to impose on the U.S. Marshal half of the responsibility of compliance with the writ permit imposition of the entire responsibility on the Marshal here. As the *Ballard* court noted, "The *raison d'etre* of the Marshal Service is to service the federal forum in civil as well as criminal litigation." *Id.* at 481. To this end, 28 U.S.C.A. §§ 569(a) & (b) (West 1968), empower the district court to require marshals to "attend any session of court" and "execute all lawful writs, process and orders." [1] In addition, 28 U.S.C.A. § 567(2) (West 1968) makes funds available for payment of expenses incurred in carrying out these duties.[2]

The U.S. Marshal argues that the state has an interest in the defense of § 1983 actions, *Ballard,* 557 F.2d at 481, and that the better course would be for the district court to allocate responsibilities between the state and Marshals Service. We express no opinion thereon; we hold only that the district court has the statutory authority to impose full responsibility on the United States. *Accord Wiggins v. County of Alameda,* 717 F.2d 466, 469 (9th Cir.1983).

The U.S. Marshal also argues that the writ should be amended to name the United States Marshals Service, rather than a specific marshal. According to appellant, there is some question whether the U.S. Marshal for the Northern District of Georgia has authority to execute this writ, which requires him to leave his federal judicial district and pick up the plaintiff-prisoner at a state prison located in another district. Appellant relies on *Walker v. Lea,* 47 F. 645 (C.C.Miss.1891), which held that "the authority of the United States marshals and their deputies to act in an official capacity is confined to the respective districts for which they have been appointed." *Id.* at 649.

*Walker,* however, relied on Section 787 of the Revised Statutes of 1874, Title XIII, Ch. 14, which stated:

> It shall be the duty of the marshal of each district ... to execute, *throughout the district,* all lawful precepts directed to him, and issued under the authority of the United States; and he shall have power to command all necessary assistance in the execution of his duty.

*Id.* (emphasis added). The present version of § 787, 28 U.S.C.A. § 569(b), omits the phrase "throughout the district," the only language in § 787 from which the *Walker* court could have derived its limit on the marshal's authority.[3]

---

1. Writs of *habeas corpus ad testificandum* are lawful under 28 U.S.C.A. § 2241(c)(5) (West 1971).

2. Section 567(2) provides:
   Under regulations prescribed by the Attorney General, each United States marshal shall be allowed the expense of transporting prisoners, including the cost of necessary guards and the travel and subsistence expense of prisoners and guards.
   28 U.S.C.A. § 567(2) (West 1968).

3. Section 569(b) provides:
   United States marshals shall execute all lawful writs, process and orders issued under authority of the United States, including those of the courts and Government of the Canal Zone, and command all necessary assistance to execute their duties.
   28 U.S.C.A. § 569(b) (West 1968).

For this reason, we doubt *Walker's* continuing vitality. Moreover, even assuming *Walker* is still valid and binding, we think that the present writ, which is addressed to "United States Marshal and/or Any Other Authorized Officer," is adequate to compel the assistance of the United States Marshals Service as needed.

AFFIRMED.