UNITED STATES of America,
Plaintiff-Appellee,

v.

Henry Thomas BOTTOMS,
Defendant-Appellant.

No. 84–5160.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 3, 1984.

Decided Feb. 1, 1985.

Sharon R. Ellingsen, Asst. U.S. Atty., Los Angeles, Cal., for defendant-appellant.

Carlton F. Gunn, Federal Public Defender, Los Angeles, Cal., for plaintiff-appellee.

Before CHAMBERS and PREGERSON, Circuit Judges, and REED,* District Judge.

CHAMBERS, Circuit Judge.

Bottoms escaped from federal custody while serving a federal bank robbery sentence. An arrest warrant was issued and the U.S. Marshal placed his name, with the relevant information as to the escape, in the computer of the Federal Crime Information Center. A month later Bottoms was arrested by California authorities and charged with another bank robbery. A routine check of the FDIC computer disclosed his escape status and the Marshal, on notification, teletyped a message to the California officials authorizing them to detain Bottoms. The authority shown, and upon which the State officials relied, was that of the post-escape arrest warrant.

Bottoms remained in State custody, was convicted, and was then sent to the State prison at Chino, California. The Marshal's office promptly filed a formal detainer, again relying on the authority of the arrest warrant, and it remained in Bottoms' file at the prison. Nine months after the issuance of the teletyped detainer, and five months after the filing of the formal detainer, the U.S. Attorney sought and obtained an indictment charging Bottoms with the escape. See 18 U.S.C. § 751 (1982). The district court refused to dismiss the indict-

* The Honorable Edward C. Reed, Jr., United States District Judge for the District of Nevada, sitting by designation.

ment, rejecting appellant's argument that he had been denied his speedy trial rights under the Interstate Agreement on Detainers Act (hereinafter IADA), 18 U.S.C. App. § 1 *et seq.* (1982), which requires trial within 180 days in most circumstances.

 We affirm as we agree with the district judge that the statutory language does not apply to someone in Bottoms' situation. While he was subject to detainers, they were not detainers as the word is defined in the Act. Article I of the IADA refers to "detainers based on untried indictments, informations, or complaints." 18 U.S.C. App. § 2, art. I. It is clear that during the period prior to March 1984, the detainers were not supported by any indictment or information, or by any "complaint" as that word is defined in Fed.R.Crim. p. 3. He was being detained by virtue of the arrest warrant and the Marshal's advice reciting the authority of that warrant. Once he was indicted, he was brought to trial within the time required by the Act.

Appellant contends that the word "complaints," as used in the Act, should be interpreted in its lay, rather than its legal, technical sense. But its use as the final of a series of three technical terms, all related in the meaning, precludes accepting his argument. The principles of *ejusdem generis* and common sense dictate that "complaints" be read as a legal word of art, according to the Fed.R.Crim. p. 3 definition. The use of "untried" as the qualifier for all three words supports this conclusion. Similarly, IADA's reference to the "dismissal with prejudice" of indictments, informations, and complaints, supports this conclusion. 18 U.S.C. App. § 2, art. III(d).

Bottoms' case has been well presented and we have considered his contention that nothing in the legislative history of the IADA suggests that the Congress intentionally sought to exclude him, and others in his situation, from the speedy trial pro-

tections of the Act. If the present statutory language mistakenly effects such an exclusion, then Congress might well wish to review the matter. If there is no mistake, Congress might still wish to reconsider its use of language in order to avoid false expectations by prisoners.[1]

Affirmed.

---

1. The formal detainer filed at Chino carries on its face the statement: "Subject will not be prosecuted for this escape charge per the U.S. Attorney." This misleading information is not explained by the government. The United States Attorney might wish to consider reviewing its procedures to eliminate false expectations arising due either to its carelessness or its change of mind.