Michael JACKSON, Petitioner–Appellee,

v.

Daniel VASQUEZ, Warden of California State Prison at San Quentin, Respondent–Appellant.

No. 92–56430.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 15, 1993.

Decided July 30, 1993.

---

Paul D. Gifford, Deputy Atty. Gen., San Francisco, CA, for respondent-appellant.

Allyn O. Kreps, Lewis, D'Amato, Brisbois & Bisgaard, Los Angeles, CA, for petitioner-appellee.

Before: CANBY, BEEZER, and RYMER, Circuit Judges.

CANBY, Circuit Judge:

## BACKGROUND

Michael Jackson is a California condemned prisoner at San Quentin State Prison. After receiving from the federal district court a number of stays of execution to allow him time to prepare a habeas corpus petition, Jackson filed an ex parte request for an order compelling Daniel Vasquez, warden of the prison, to transport Jackson to the University of California at Irvine, College of Medicine, so that Jackson could undergo a brain scan.

Without giving the Warden notice of the request or an opportunity to respond, the district court issued the order and sealed Jackson's pleadings. The order requires the Warden to transport Jackson to the medical facility at Irvine, to remain with Jackson while the brain scan is administered and to

return Jackson to San Quentin. The order provides that the Warden will bear the costs of transporting, housing and guarding Jackson during the trip.

The Warden filed a motion to vacate the order, which the district court denied after a hearing on the matter. The Warden then filed a series of motions and objections seeking to vacate the order and to unseal Jackson's pleadings, but the district court denied all such relief.

At the Warden's request, we issued an emergency stay of the transportation order. While the Warden's appeal of the order was pending, Jackson asked the district court to reissue the transportation order, setting a new date for compliance. The district court granted Jackson's request and we subsequently stayed that order. The Warden challenges both the original and the reissued orders in this appeal.

## DISCUSSION

This appeal presents the question whether the district court has the authority to issue, upon a potential habeas corpus petitioner's ex parte request, a coercive order against a warden requiring him to transport a prisoner for medical tests. Before reaching that question, however, we must determine whether we have jurisdiction to entertain this appeal.

## I. JURISDICTION

Section 1291 of the Judicial Code gives the appeals courts jurisdiction over "all final decisions of the district courts." 28 U.S.C. § 1291 (1966). Ordinarily, a decision is not considered final unless it " 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " *Gulfstream Aerospace Corp. v. Mayacamas Corp.,* 485 U.S. 271, 275, 108 S.Ct. 1133, 1136, 99 L.Ed.2d 296 (1988) (quoting *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945)). The district court's transportation order does not end any litigation on the merits and therefore is not final in this sense.

Under the collateral order doctrine, however, orders that " 'finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated' " are considered final, and therefore appealable under section 1291, even though they do not terminate an action or any part of it. *Id.* 108 S.Ct. at 276, 108 S.Ct. at 275 (discussing *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 546–47, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949)); *see generally,* 15A Charles Wright et al., *Federal Practice & Procedure,* § 3911 (1992).

To be appealable under the collateral order doctrine, the district court's transportation order must satisfy three criteria. First, it must conclusively determine the disputed question. *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978). Second, it must resolve an important issue that is completely separate from the merits of the action. *Id.* Third, it must be effectively unreviewable on appeal from a final judgment. *Id.* The district court's order satisfies these criteria.

An order conclusively determines a matter in dispute if it is " 'made with the expectation that [it] will be the final word on the subject addressed.' " *Gulfstream Aerospace,* 485 U.S. at 276, 108 S.Ct. at 1137 (quoting *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.,* 460 U.S. 1, 12 n. 14, 103 S.Ct. 927, 935 n. 14, 74 L.Ed.2d 765 (1983)). An order does not conclusively determine a disputed matter, on the other hand, if it is "inherently tentative," *id.* (quoting *Coopers & Lybrand,* 437 U.S. at 469, 98 S.Ct. at 2458), that is, if "a district court ordinarily would expect to reassess and revise such an order in response to events occurring 'in the ordinary course of litigation.' " *Id.* (quoting *Moses H. Cone,* 460 U.S. at 13 n. 14, 103 S.Ct. at 935). The transportation order conclusively determines the question whether Jackson is entitled to be transported by the Warden for a brain scan

preparatory to Jackson's filing a petition for habeas corpus. The district court could not revisit the question at some later stage in the habeas proceedings after the Warden had complied with the order.

■ The transportation order also re-solves an important issue that is completely separate from the merits of the underlying action. The decision that the Warden appeals here is the district court's determination that it possessed the legal authority to issue the transportation order. The War-den's claims present pure questions of law that can be reviewed without reference to the merits of Jackson's habeas corpus petition. The transportation order is not a mere step toward final disposition of Jackson's claims, but rather it " 'plainly presents an important issue separate from the merits' " of the habe-as petition. *Gulfstream Aerospace*, 485 U.S. at 277, 108 S.Ct. at 1137 (quoting *Moses H. Cone*, 460 U.S. at 12, 103 S.Ct. at 935); *see also Cohen*, 337 U.S. at 546, 69 S.Ct. at 1225.

Finally, the transportation order will evade effective review on appeal of the decision on Jackson's petition for habeas corpus. Re-gardless of the district court's disposition of the habeas petition, the Warden will not be able to show, on appeal from the final deci-sion, that he was unfairly prejudiced in the habeas proceedings as a result of his compli-ance.

The transportation order satisfies the three elements of the collateral order doc-trine. Accordingly, we conclude that we have jurisdiction over the Warden's appeal.[1]

1. Because we deem the order reviewable under the collateral order doctrine, we decline to ad-dress the Warden's contention that we should issue a writ of mandamus directing the district court to vacate the transportation order.

2. 21 U.S.C. § 848(q) provides, in relevant part: (9) Upon a finding in ex parte proceedings that investigative, expert or other services are rea-sonably necessary for the representation of the defendant, whether in connection with issues relating to guilt or sentence, the court shall authorize the defendant's attorneys to obtain such services on behalf of the defendant and shall order the payment of fees and expenses therefore, under paragraph (10). Upon a find-ing that timely procurement of such services

## II. THE DISTRICT COURT'S AUTHORITY TO ISSUE THE ORDER

Jackson maintains that 21 U.S.C. § 848(q) empowers the district court to compel the Warden to transport Jackson, at state ex-pense, for medical tests. We disagree.

■ Section 848(q) is a funding statute. It provides for the appointment of attorneys and the furnishing of investigative services for defendants or habeas corpus petitioners seeking to vacate or set aside a death sen-tence. 21 U.S.C. § 848(q)(9) (Supp.1993).[2] It permits district courts to disburse federal funds on an ex parte showing that the funds are reasonably necessary for adequate repre-sentation. Ex parte proceedings to deter-mine whether funds should be disbursed are appropriate, because the reasonableness of a request for funds is likely to depend on the strategy of the defense, which must be re-vealed to the court but not the prosecution.

We do not believe, however, that section 848(q) authorizes the district court to issue, upon a petitioner's ex parte request, a coer-cive order against a state official. The stat-ute directs the court to authorize the *defen-dant's attorneys* to obtain investigative, ex-pert or other services on behalf of the defen-dant; it does not empower the district court to compel action from a state official. Nor is it appropriate to issue a coercive final order without notice or hearing, upon an ex parte application with a sealed record. The trans-portation order falls beyond the pale of sec-tion 848(q).

■ We also reject Jackson's suggestion that the transportation order is warranted by

could not practically await prior authoriza-tion, the court may authorize the provision of and payment for such services nunc pro tunc.

(10) Notwithstanding the rates and maximum limits generally applicable to criminal cases and any other provision of law to the contrary, the court shall fix the compensation to be paid to attorneys appointed under this subsection and the fees and expenses to be paid for inves-tigative, expert, and other reasonably neces-sary services authorized under paragraph (9), at such rates or amounts as the court deter-mines to be reasonably necessary to carry out the requirements of paragraphs (4) through (9).

the All Writs Act, 28 U.S.C. § 1651(a) (1966).[3] "The All Writs Act is not a grant of plenary power to the federal courts. Rather, it is designed to aid the courts in the exercise of their jurisdiction." *Plum Creek Lumber Co. v. Hutton,* 608 F.2d 1283, 1289 (9th Cir. 1979). An order is not authorized under the Act unless it is designed to preserve jurisdiction that the court has acquired from some other independent source in law.

Jackson has failed to demonstrate any independent source of jurisdiction in aid of which the transportation order issued. We will not permit Jackson to use the All Writs Act to enlarge the power of the district court. *See Pennsylvania Bureau of Correction v. United States Marshals Serv.,* 474 U.S. 34, 43, 106 S.Ct. 355, 361, 88 L.Ed.2d 189 (1985).[4]

We need not decide whether, upon proper notice and motion at a proper stage in the habeas corpus proceedings, the district court is empowered to issue an order requiring a state official to transport a prisoner for medical examinations that are necessary to the petitioner's case. *See* Fed.R.Civ.P. 35; Rule 6, Rules Governing § 2254 cases, 28 U.S.C. Foll. § 2254 (1977). We simply conclude that the ex parte fund disbursement procedures of section 848(q) do not support the district court's transportation order against the Warden.[5]

The district court's orders directing Warden Vasquez to transport Jackson to the medical facility at the University of California at Irvine are **VACATED.**

---

**3.** The All Writs Act provides: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).

**4.** We do not accept Jackson's suggestion that our decision in *Wiggins v. County of Alameda,* 717 F.2d 466 (9th Cir.1983), *cert. denied,* 465 U.S. 1070, 104 S.Ct. 1425, 79 L.Ed.2d 749 (1984), is dispositive of the present case. *Wiggins* concerned the allocation of the costs of transporting a state prisoner to testify at the trial of his federal civil rights suit against prison officials. The federal magistrate had issued a writ of habeas corpus ad testificandum ordering the state to bear the expenses incurred in bringing the prisoner-plaintiff to trial and the state appealed the order. We ruled that allocation of costs to the state was

valid because federal statutes authorized the magistrate to issue the writ and no federal statute provided reimbursement for the costs of complying with the writ. The court's authority to issue the writ necessarily encompassed the authority to allocate costs incurred in complying with the writ.

Here, in contrast, the court has no independent source of authority to issue the transportation order.

**5.** Because we hold that the district court lacked authority to issue the transportation order, we decline to address the Warden's claims that the order violated his right to due process and the Eleventh Amendment.