## CIRCUIT COURT OF FAIRFAX COUNTY

Chu

    v.

Commonwealth of Virginia

March 18, 2003

Case No. (Criminal) 97507

■

BY JUDGE MARCUS D. WILLIAMS

    The Court is in receipt of Petitioner's Motion to Dismiss Detainer. For the reasons stated below, the Motion is denied.

### I. *Background*

    Petitioner was sentenced by this court to one year of supervised probation after pleading guilty to the charge of misdemeanor possession of cocaine. Petitioner was subsequently sentenced in Federal Court on a separate drug conviction. He is currently serving his sentence in Morgantown, West Virginia.

    Petitioner violated his probation, and this Court entered a bench warrant charging Petitioner with violating his probation. The bench warrant was served on the West Virginia Correctional Facility as a detainer. Petitioner filed this motion requesting that the detainer be dismissed because the existence of the detainer precludes his participation in a Residential Drug Treatment program for which he has been approved.

### II. *Petitioner's Arguments*

    Under the Interstate Detainers Agreement Act, once the Court has been made aware of the place of imprisonment, the requesting state must, within

180 days, dismiss the detainer or receive the prisoner. *Nelson v. George*, 399 U.S. 224 (1970); *Pittman v. State*, 301 A.2d 509 (Del. 1973); and *Davis v. State*, 24 Md. App. 567 (1975).

## III. *Analysis*

The Interstate Detainers Agreement Act is found at Va. Code § 53.1-210 et seq. Section (a) of Article III of the Act states:

> Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried *indictment, information, or complaint* on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officers' jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information, or complaint; provided that, for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.

Va. Code § 53.1-210 (emphasis added).

In *Locklear v. Commonwealth*, 7 Va. App. 659 (1989), the Court of Appeals held that the word "complaint" as used in the Interstate Agreement on Detainers Act does not include a felony warrant of arrest. The Court held that "the use of the word 'complaints' in the Act was intended to apply only to instruments. . . upon which the detainee could be tried immediately upon his return. This definition does not include a felony warrant of arrest." *Id*. at 663. Similarly, a bench warrant is not an untried indictment, information, or complaint.

The Petitioner asks that this court dismiss the detainer because, after having been informed of the Petitioner's imprisonment in West Virginia, the Court did not receive the prisoner or dismiss the detainer within 180 days. However, as discussed above, such is not a requirement of the Statute. Because the term "complaints" does not include bench warrants, the detainer does not fall under the above-quoted language and thus this jurisdiction is not required to act within the 180-day period. Accordingly, the Petitioner's Motion to Dismiss Detainer is hereby denied.