OPINION
{¶ 1} Defendant-appellant, Anthony K. Jennings ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas, convicting him of robbery without specification, in violation of R.C.2911.02, a felony of the third degree. The trial court, pursuant to a joint recommendation, sentenced appellant to a prison term of one year, to run concurrent with his federal sentence.
 {¶ 2} The following facts are germane to this appeal. Appellant served seven years in a federal prison in Arizona on unrelated charges. While serving his sentence, the *Page 2 
Inmate Systems Manager for the Federal Bureau of Prisons sent the Franklin County Sheriff's Office a letter on February 21, 2001, stating:
 This office is in receipt of the following report: Case #'s 00-CR-02-511 AND 26179-1-2-3/1999. Will you please investigate this report and advise what disposition, if any, has been made of this case. If [appellant] is wanted by your department and you wish a detainer placed, it will be necessary for you to forward a certified copy of your warrant to us along with a cover letter stating your desire to have it lodged as a detainer, or indicate you have no further interest in [appellant].
No responsive action was taken by either the Franklin County Sheriff's Office or the Franklin County Prosecutor's Office.
 {¶ 3} On June 12, 2001, appellant filed a "motion for speedy trial or disposition of all indictments, complaints, detainers, warrants" in the Franklin County Municipal Court. That motion demanded a disposition on case numbers "26179-1-2-3/1999 and 00CR-02-511," as well as "all criminal actions pending in your jurisdiction * * *." (Memorandum Contra Defendant's Motion to Compel Production, filed Apr. 4, 2007, attached.) It is undisputed that appellant's motion did not reference the instant matter, nor could it, as appellant was not indicted in the underlying case until November 2006.
 {¶ 4} In response to appellant's motion, the state entered a nolle prosequi in Franklin County Common Pleas case No. 00CR511. Thereafter, on January 2, 2004, the Franklin County Municipal Court dismissed the charges pending against appellant in Case no. 1999 CRB 435 because prosecution had not been commenced within the
 period of statutory limitations provided by R.C. 2901.13. *Page 3 
 {¶ 5} With respect to the instant matter, although two warrants had been issued for appellant's arrest, one in 1999 and another in 2001,[1] the underlying case was not reopened until October 2006. In November 2006, appellant was indicted on one count of aggravated robbery, in violation of R.C. 2911.01, and two counts of robbery, in violation of R.C. 2901.02. Each count carried a three-year firearm specification. The indicted charges stemmed from a bank robbery that occurred in Franklin County, Ohio, on March 24, 1999. At the time of the indictment, appellant was on federal parole; he had been released from federal prison and paroled to a halfway house in Cleveland, where he was employed and attending college as a full-time student.
 {¶ 6} Appellant moved to dismiss the charges, alleging the state failed to bring him to trial within 180 days. The trial court denied his motion, and appellant pled guilty to one count of robbery, without specification, in violation of R.C. 2911.02. Appellant filed a timely appeal, and advances a single assignment of error:
 THE COURT ERRONEOUSLY DENIED APPELLANT'S MOTION FOR DISMISSAL BASED ON THE FAILURE TO BRING HIM TO TRIAL WITHIN THE 180 DAYS ALLOWED UNDER THE INTERSTATE AGREEMENT ON DETAINERS.
 {¶ 7} By his assignment of error, appellant asserts that the trial court erred in overruling his motion to dismiss on the basis that the state failed to comply with the Interstate Agreement on Detainers ("IAD"). The applicable standard of review requires us to "`independently determine, as a matter of law, whether the trial court erred in applying the substantive law to the facts of the case.'"State v. Gill, Cuyahoga App. No. 82742, 2004-Ohio-1245, at ¶ 8, quotingState v. Williams (1994), 94 Ohio App.3d 538. *Page 4 
 {¶ 8} The IAD is an interstate compact to which Ohio is a member, and has been codified at R.C. 2963.30. As "a congressionally sanctioned interstate compact within the Compact Clause, U.S. Const., Art. I, § 10, cl. 3, [the IAD] is a federal law subject to federal construction." Carchman v. Nash (1985), 473 U.S. 716, 719,105 S.Ct. 3401, 3403; Cuyler v. Adams (1981), 449 U.S. 433, 436-442,101 S.Ct. 703, 706-708.
 {¶ 9} The IAD mandates that prison authorities notify prisoners of detainers placed against them and their right to demand a speedy trial. The existence of a detainer is a prerequisite to the applicability of the IAD, and, as the State correctly argues, is dispositive of the issue before us. State v. Wells (1994), 94 Ohio App.3d 48, 53, citing U.S. v.Mauro (1978), 436 U.S. 340, 347-51, 98 S.Ct. 1834, 1841-1842; see, also,State v. Quinones, 168 Ohio App.3d 425, 427, 2006-Ohio-4096; State v.Levy, Cuyahoga App. No. 83114, 2004-Ohio-4489, at ¶ 27-28; State v.Schnitzler (Oct. 19, 1998), Clermont App. No. 98-01-008; People v.Newton (Colo. 1988), 764 P.2d 1182, 1189; N. Carolina v. Parr (N.C. 1983),65 N.C. 415, 417. It is undisputed that, in this case, a detainer was never lodged. Consequently, the provisions of the IAD were not activated, and, therefore, the trial court did not err in overruling appellant's motion to dismiss.
 {¶ 10} We further note that several jurisdictions have held that an arrest warrant, in and of itself, is insufficient to trigger the provisions of the IAD. See, e.g., U.S. v. Bottoms (C.A.9 1985),755 F.2d 1349; Georgia v. Carlton (Ga. 2003), 276 Ga. 693 (arrest warrant did not constitute an "untried indictment, information, or complaint" under the IAD); Chu v. Commonwealth (Va. 2003), 61 Va. Cir. 338 ("Because the term `complaints' does not include bench warrants, the detainer does not fall under the above-quoted language and thus this jurisdiction is not required to act within the 180-day period."); Blakey v. District *Page 5 Court (Mont. 1988), 232 Mont. 178, 185 ("[A] arrest warrant, unless it is based upon an untried indictment, information or complaint, should not be considered sufficient to trigger the Interstate Agreement on Detainers."). Thus, although not expressly argued by appellant, we find that the warrants issued in 1999 and 2001 did not invoke the speedy trial provisions of the IAD.
 {¶ 11} Based on the foregoing, we overrule appellant's assignment of error. Accordingly, the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
PETREE and TYACK, JJ., concur.
[1] These warrants were issued by the Franklin County Municipal Court in Case no. 1999 CRA 8269, which was dismissed in November 2006, based on the direct indictment in the Franklin County Court of Common Pleas. *Page 1