Kenneth Earl **GAY**, Petitioner–Appellant,

v.

**Robert L. AYERS, Jr., Warden of San Quentin State Prison at San Quentin, Respondent–Appellee.**

No. 07–55493.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 3, 2007.

Filed Jan. 7, 2008.

---

sitting by designation.

---

Robert R. Bryan, Esq., Law Offices of Robert Bryan, San Francisco, CA, for Petitioner–Appellant.

Lance E. Winters, Esq., AGCA—Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: THOMPSON, WARDLAW, and IKUTA, Circuit Judges.

## MEMORANDUM *

Kenneth Earl Gay appeals the district court's denial of his motion to litigate a mixed habeas petition in federal court. Gay was convicted and sentenced to death in 1985 for murdering police officer Paul Verna. In 1998, the California Supreme Court reversed Gay's conviction, and Gay

was resentenced to death in 2000. As a result of Gay's investigation for the penalty-phase retrial, he discovered new evidence that he claims is exculpatory. Gay filed a federal habeas petition in 2001 challenging his guilt determination. The district court determined that seventeen of Gay's claims had not been previously presented to the California Supreme Court and were therefore unexhausted. The district court granted Gay's request to hold the federal habeas proceedings in abeyance pending exhaustion of those claims in state court. Gay filed a new state habeas petition with the state Supreme Court in December 2004.

In June 2006, Gay moved the federal district court to excuse him from the exhaustion requirement. The district court denied Gay's motion, and Gay appealed. We have jurisdiction under 28 U.S.C. § 1291 pursuant to the interlocutory appeal doctrine set forth in *Cohen v. Beneficial Industrial Loan Corporation,* 337 U.S. 541, 545–47, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), and we affirm.

Gay's unexhausted innocence claims had been pending before the California Supreme Court for about nineteen months when he filed his motion to be excused from exhaustion. The district court correctly ruled that this delay does not amount to a due process violation. The general rule requiring exhaustion, 28 U.S.C. § 2254(b)(1)(A), may be excused if one of two conditions is met: "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). We look to four factors when determining whether a state's delay in adjudicating a petitioner's claim satisfies either of the § 2254(b)(1)(B) exceptions:

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

(1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. *Coe v. Thurman*, 922 F.2d 528, 531 (9th Cir.1990).

A nineteen-month period of delay does not weigh toward finding an exception. *See Hamilton v. Calderon*, 134 F.3d 938, 939 (9th Cir.1998) (holding that the California Supreme Court's review of the petitioner's case for "less than two years when his latest federal habeas petition was lodged" is not "extreme delay"). Moreover, Gay's is a complex capital case with an extensive record, justifying a lengthier time for review. *See People v. Dunkle*, 36 Cal.4th 861, 942, 32 Cal.Rptr.3d 23, 116 P.3d 494 (2005) (highlighting "the unique demands of appellate representation in capital cases" (internal quotation marks omitted)). Although Gay has vigorously pursued his petition before the California Supreme Court, filing two motions to expedite review, he has not demonstrated any more prejudice than any other habeas petitioner awaiting adjudication of his claim in the California state courts. *Cf. Coe*, 922 F.2d at 532. Thus, the district court did not err in rejecting Gay's claim that California has an ineffective corrective process and has thus violated Gay's due process rights.

**AFFIRMED.**

IKUTA, Circuit Judge, dissenting:

Judge Ikuta would dismiss this appeal for lack of jurisdiction under the collateral order doctrine. *See Jackson v. Vasquez*, 1 F.3d 885, 887–88 (9th Cir.1993).

---

* The Honorable Jane R. Roth, Senior United States Circuit Judge for the Third Circuit, sitting by designation.