NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 21 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANNY FABRICANT, | No. 17-17087 |
| Plaintiff-Appellant, | D.C. No. 4:15-cv-00294-JAS |
| v. | |
| UNITED STATES DEPARTMENT OF JUSTICE, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
James Alan Soto, District Judge, Presiding

Submitted February 19, 2019[**]

Before:     FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Danny Fabricant appeals pro se from the district court's summary judgment

in his Freedom of Information Act ("FOIA") action arising out of his requests for

records from the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF").

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Animal Legal*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987, 990 (9th Cir. 2016) (en banc). We affirm.

The district court properly granted summary judgment because the ATF's declarations by the ATF Chief, Disclosure Division, were reasonably detailed, and showed that the ATF "conducted a search reasonably calculated to uncover all relevant documents." *Hamdan v. U.S Dep't of Justice*, 797 F.3d 759, 770-71 (9th Cir. 2015) (citation and internal quotation marks omitted) (requirements for demonstrating adequacy of search for documents).

The district court properly concluded that the ATF proved the applicability of the FOIA exemptions claimed, and Fabricant has not argued on appeal that the ATF's declarations were not adequate. *See Minier v. Cent. Intelligence Agency*, 88 F.3d 796, 800 (9th Cir. 1996) ("The agency may meet its burden by submitting a detailed affidavit showing that the information logically falls within the claimed exemptions." (citation and internal quotation marks omitted)); *Lewis v. IRS*, 823 F.2d 375, 378 (9th Cir. 1987) ("If the affidavits contain reasonably detailed descriptions of the documents and allege facts sufficient to establish an exemption, the district court need look no further." (citation and internal quotation marks omitted)).

17-17087

The district court properly denied Fabricant's "Motion for Issuance of Order to the Office of Information Policy" because Fabricant did not demonstrate that the district court had jurisdiction to enter the requested relief under the All Writs Act. *See Jackson v. Vasquez*, 1 F.3d 885, 889 (9th Cir. 1993) ("An order is not authorized under the [All Writs] Act unless it is designed to preserve jurisdiction that the court has acquired from some other independent source in law.").

The district court did not abuse its discretion in denying Fabricant's motion to consolidate this action with another FOIA action involving older FOIA requests. *See* Fed. R. Civ. P. 42 (a court "may" consolidate two or more actions if they "involve a common question of law or fact"); *Pierce v. County of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008) (standard of review).

The district court did not abuse its discretion in denying Fabricant's motion for discovery because Fabricant failed to show how allowing discovery would have precluded summary judgment. *See Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) ("A district court has wide latitude in controlling discovery, and its rulings will not be overturned in absence of a clear abuse of discretion." (citation and internal quotation marks omitted)); *Citizens Comm'n on Human Rights v. Food & Drug Admin*., 45 F.3d 1325, 1329 (9th Cir. 1995) (setting forth

3                                                    17-17087

requirements for a motion under former Rule 56(f) to allow discovery while a summary judgment motion is pending).

The district court did not abuse its discretion in denying Fabricant's motion concerning D. Ariz. Loc. R. 54.1(d) because Fabricant failed to establish any basis for relief. *See Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007) ("Broad deference is given to a district court's interpretation of its own local rules.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**