FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 17 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-50248 |
| Plaintiff-Appellee, | D.C. Nos. |
| v. | 2:12-cr-00722-TJH-5<br>2:12-cr-00722-TJH |
| CHRIS REPP, AKA Christopher Sanders, | |
| Defendant-Appellant. | OPINION |

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, Jr., District Judge, Presiding

Submitted February 17, 2021[*]
Pasadena, California

Before: Richard C. Tallman and Consuelo M. Callahan, Circuit Judges, and Dana L. Christensen,[**] District Judge.

Opinion by Judge Tallman

May an inmate currently serving time on one federal sentence expedite the

resolution of a newly lodged detainer to answer for a supervised release violation

---

[*]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[**]     The Honorable Dana L. Christensen, United States District Judge for the District of Montana, sitting by designation.

in another federal district that was triggered by his commission of the crime for which he is currently incarcerated? Chris Repp appeals from the district court's order denying his motion for issuance of a writ of habeas corpus ad prosequendum directed to his current custodian, the Warden of FCI Phoenix, to transport him to Los Angeles for his initial appearance there on an arrest warrant for violating conditions of supervised release, proceedings for which a detainer has now been lodged against him with the prison. Repp is currently serving a custodial sentence for federal crimes he committed in the Eastern District of Arkansas while on supervised release from an earlier federal conviction in the Central District of California. Because the denial of Repp's motion is not a final or appealable collateral order, we lack jurisdiction over this appeal and must dismiss it.

I

In 2013, Repp pled guilty in the Central District of California to one count of conspiracy to commit Hobbs Act robbery and one count of possession of a firearm in furtherance of a crime of violence. After a successful motion to vacate the firearm conviction, he was resentenced on November 22, 2017, to time served and a three-year term of supervised release.

In September 2018, while still subject to his California supervised release conditions, Repp was indicted for participating in a conspiracy to distribute narcotics in the Eastern District of Arkansas. He pled guilty to one count of use of

a communication facility to commit a drug-trafficking crime and was sentenced to 37 months' imprisonment and a one-year term of supervised release. In October 2018, the U.S. Probation Office petitioned the district court in the Central District of California for a warrant alleging violations of Repp's California conditions of supervised release, which prohibited him from engaging in criminal activity while on supervision. An arrest warrant issued, and, because Repp remains in U.S. Bureau of Prisons custody serving his Arkansas sentence, the warrant was lodged as a custodial detainer against him.

Because the Interstate Agreement on Detainers Act, 18 U.S.C. App. 2 § 2, does not apply here, *see United States v. Bottoms*, 755 F.2d 1349, 1350 (9th Cir. 1985), in March 2020, Repp, proceeding *pro se*, filed an *ex parte* motion, styled as a petition for a writ of habeas corpus ad prosequendum, seeking to be brought forthwith to the Central District of California to commence proceedings on the California supervised release petition while still serving his Arkansas federal sentence. After appointing counsel to represent Repp, the district court denied Repp's motion. Repp timely appealed.

II

We begin with a threshold consideration of our jurisdiction. We have jurisdiction to consider appeals of final orders issued by federal district courts. 28 U.S.C. § 1291. Under the collateral order doctrine, we may also consider "a

3

narrow class of decisions that do not terminate the litigation, but must, in the interest of achieving a healthy legal system, nonetheless be treated as final." *Digit. Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994) (internal citations and quotation marks omitted).

Repp asserts that the district court's order denying his motion is a final appealable order. It is unclear whether Repp's motion is more appropriately characterized as a petition for writ of habeas corpus ad prosequendum, as it was captioned when proceeding *pro se* below, or as a motion to expedite the supervised release hearing date, as he now characterizes the motion on appeal. Regardless of how Repp characterizes his motion though, the district court's order is not a final order or a collateral order that would support appellate review at this time.

"A ruling is final for purposes of § 1291 if it (1) is a full adjudication of the issues, and (2) clearly evidences the judge's intention that it be the court's final act in the matter." *Nat'l Distrib. Agency v. Nationwide Mut. Ins. Co.*, 117 F.3d 432, 433 (9th Cir. 1997) (citation and internal quotation marks omitted). We appreciate that Repp hopes to resolve the supervised release violation so that he might be able to serve any additional sentence concurrently with the undischarged portion of his Arkansas sentence. But there is no entitlement to that relief under any authority of which we are aware. Denial of Repp's request to expedite commencement of his California supervised release proceedings, however characterized, presents neither

a full adjudication of the issues nor the court's final act in the matter. Repp will be entitled to commence his supervised release proceedings in California upon completion of his Arkansas custodial sentence.

The order Repp seeks here is a precursor to contesting the alleged supervised release violation which led to the arrest warrant and the pending detainer. It does not fall within the rubric of collateral orders which are "effectively unreviewable on appeal from a final judgment." *Flanagan v. United States*, 465 U.S. 259, 265 (1984) (citation omitted). Collateral orders involve "an asserted right the legal and practical value of which would be destroyed if it were not vindicated before trial." *United States v. MacDonald*, 435 U.S. 850, 860 (1978). Repp's request to expedite his hearing date does not involve such a right. Repp may raise his procedural delay arguments to the California federal court once his California supervised release proceedings have commenced. We perceive no meaningful harm to Repp from the denial of his request to expedite pending his completion of his Arkansas custodial sentence, and we express no opinion on the validity of his delay argument.

DISMISSED. The pending motion to expedite (ECF No. 17) is DENIED AS MOOT. Each party to bear its own costs.