NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 11 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10093 |
| Plaintiff-Appellee, | D.C. No. 4:21-cr-00328-YGR-1 |
| v. | |
| DAVID CERVANTES, AKA DC, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted May 9, 2023[**]
San Francisco, California

Before: CHRISTEN and BRESS, Circuit Judges, and ANTOON,[***] District Judge.

David Cervantes appeals from the district court's order denying his motion

to quash a writ of habeas corpus *ad prosequendum*. Pursuant to the writ, Cervantes

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

was transferred from California State Prison Solano, where he was serving a life sentence for first-degree murder, to United States Penitentiary Atwater, where he is being held pending trial on federal racketeering charges stemming from his alleged leadership in a prison gang. Because the parties are familiar with the facts, we do not recount them here. We dismiss the appeal for lack of appellate jurisdiction and deny the petition for mandamus.

1. **Collateral-Order Doctrine.** Although 28 U.S.C. § 1291 limits our jurisdiction to decisions in which district courts have entered final judgments, "[u]nder the collateral-order doctrine a limited set of district-court orders are reviewable 'though short of final judgment.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009) (quoting *Behrens v. Pelletier*, 516 U.S. 299, 305 (1996)). To be reviewable under the collateral order doctrine, "[t]he order must: 1) conclusively determine the disputed question; 2) resolve an important issue completely separate from the merits of the action; and 3) be effectively unreviewable on appeal from a final judgment." *United States v. Mendez*, 28 F.4th 1320, 1324 (9th Cir. 2022).

Even if Cervantes could satisfy the first two prongs of this test, he fails to satisfy the third. The ways in which Cervantes has claimed that the writ could cause him prejudice—such as interfering with his right to counsel, to access the court, or to choose whether to plead guilty—can be reviewed on direct appeal if he is convicted, and Cervantes has not met his burden of showing he would be

2

prejudiced by the writ if he is acquitted.[1]  *See United States v. Repp*, 987 F.3d 1245, 1248 (9th Cir. 2021) (explaining that a prisoner's attempted use of an *ad prosequendum* writ to expedite proceedings on a supervised release violation did not involve "an asserted right the legal and practical value of which would be destroyed if it were not vindicated before trial" (quoting *United States v. McDonald*, 435 U.S. 850, 860 (1978))).  *Ad prosequendum* writs may in certain circumstances qualify as reviewable collateral orders when prejudiced third parties to whom the writs are directed appeal from them.  *See, e.g.*, *Shoop v. Twyford*, 142 S. Ct. 2037 (2022); *Pa. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34 (1985); *Jackson v. Vasquez*, 1 F.3d 885 (9th Cir. 1993).  But the third-party appellants in those cases were situated differently from Cervantes because they were State actors subject to transportation orders that "create[d] public safety risks and burdens *on the State*."  *Twyford*, 142 S. Ct. at 2043 n.1 (emphasis added).  The appellants were thus prejudiced in ways "that cannot be remedied after final judgment." *Id.*  Cervantes has not shown he is similarly situated.

Because the order from which Cervantes appeals is neither a final order nor otherwise appealable under the collateral-order doctrine, we dismiss his appeal for lack of appellate jurisdiction.

---

[1] We observe that Cervantes did not appeal from the district court's separate order that granted in part and denied in part his and his codefendants' motion to modify the conditions of their confinement.

**2. Mandamus.** We deny Cervantes' petition for mandamus. Cervantes has not shown that the district court erred by concluding that the writ that led to his transfer was necessary, let alone that his right to mandamus is "clear and indisputable" or that mandamus is appropriate under these circumstances. *Kerr v. U.S. Dist. Ct. for N.D. Cal.*, 426 U.S. 394, 403 (1976) (quoting *Banker's Life & Cas. Co. v. Holland*, 346 U.S. 379, 384 (1953)).

**Appeal DISMISSED; petition DENIED.**