Charles E. McDOWELL,
Petitioner–Appellee,

v.

Arthur CALDERON, Warden,
Respondent–Appellant.

No. 98–99032.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 5, 1999.[1]

Decided April 7, 1999.

1. The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2)(C).

Robert F. Katz, Deputy Attorney General, and A. Scott Hayward, Deputy Attorney General, Los Angeles, California, for the respondent-appellant.

Andrea G. Asaro, Rosen, Bien & Asaro, San Francisco, California, for the petitioner-appellee.

Before: WIGGINS, THOMPSON, and TROTT, Circuit Judges.

Opinion by Judge TROTT; Partial Concurrence by Judge DAVID R. THOMPSON.

TROTT, Circuit Judge:

McDowell, a state prisoner originally sentenced to death, petitioned for a writ of habeas corpus in the United States District Court for the Central District of California on December 20, 1990. Among his numerous claims was an allegation that his Sixth Amendment right to effective assistance of counsel had been violated. The district court ordered an evidentiary hearing on this claim and ruled that the claim constituted a waiver of the attorney-client privilege. Accordingly, the district court ruled that Calderon's lawyers were entitled to examine certain relevant documents in McDowell's trial counsel's file. This ruling was accompanied by a protective order limiting the waiver of the attorney-client privilege to the federal habeas corpus proceedings and restricting access to the relevant materials exclusively to the California Attorney General. The original protective order reads as follows:

> All documents produced to respondent pursuant to respondent's motion to discover trial counsel's file shall be deemed to be confidential. These documents may be used only by representatives from the Office of the California Attorney General and may be used only for purposes of any proceedings incident to the petition for writ of habeas corpus pending before this Court. Disclosure of the contents of the documents and the documents themselves may not be made to any other persons or agencies, including any law enforcement or prosecutorial personnel or agencies without an order from this Court.
>
> This order shall continue in effect after the conclusion of the habeas corpus proceedings, and specifically shall apply in the event of a retrial of all or any portion of petitioner's criminal case.

Ultimately, McDowell's claim of ineffective assistance of counsel failed. *See McDowell v. Calderon*, 107 F.3d 1351, 1362 (9th Cir.1997), *amended and superseded in part by* 116 F.3d 364 (9th Cir.1997). However, he prevailed on appeal on a different claim relating to the penalty phase of his trial. As a consequence, we remanded the matter to the district court with instructions to grant the writ as to McDowell's sentence of death. *See McDowell v. Calderon*, 130 F.3d 833, 841 (9th Cir.1997).

In accordance with our remand, the district court entered for the first time an order on September 17, 1998, granting McDowell habeas corpus relief as to his "sentence of death in Los Angeles Superior Court Case Number A379326 entered on October 23, 1984." In this order, the district court reaffirmed its earlier protective order covering the attorney-client material previously disclosed to the Attorney General.

On October 1, 1998, pursuant to Fed. R.Civ.P. Rule 59(e), the Attorney General filed a timely motion to reconsider the protective order. The motion was denied on its merits by the district court. This appeal followed.

The Attorney General phrases the issue we now address as follows:

Respondent did not ask the district court, and is in no way asking this Court, to "authorize" the use of any documents at petitioner's state court penalty phrase retrial. In fact, respondent's primary contention in this appeal is that the federal courts should abstain from interfering with evidentiary issues in petitioner's pending state court criminal retrial. In other words, what respondent is asking of this Court is to reverse the district court so that California courts and California prosecutors can litigate and adjudicate the state law waiver and admissibility issues without federal court interference, in accordance with the manner the United States Supreme Court consistently ruled in this regard.... [T]he continued operation of the federal protective order has the effect of enjoining state prosecutors and the state courts from addressing the purely state law issue of whether petitioner waived the attorney-client evidentiary privilege, and whether documents disclosed pursuant to that waiver will be admissible in petitioner's state court penalty phrase retrial. And as also previously discussed, such federal court interference in a pending state court criminal matter is improper.

McDowell seeks dismissal of this appeal and sanctions against the Attorney General under Fed. R.App. P. 38, or in the alternative, summary affirmance of the district court's denial of the Rule 59(e) motion.

We have jurisdiction over this appeal from the Attorney General's motion to re-

consider, and we dissolve and vacate the district court's protective order.

## I

■ The standard of review of a protective order is for an abuse of discretion. A district court abuses its discretion when it acts on the basis of an erroneous legal premise. *Koon v. United States,* 518 U.S. 81, 99, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996); *Wharton v. Calderon,* 127 F.3d 1201, 1205 n. 6 (9th Cir.1997).

## II

McDowell argues that, by not challenging the disputed order on appeal when the case first came to the Ninth Circuit and by accepting the documents in the district court in connection with the evidentiary hearing subject to the terms and conditions of the protective order, the Attorney General has waived any right to object.

■ Although the protective order at issue might have been disposed of on the initial appeal, we hold that the Attorney General's failure to do so in these circumstances does not constitute a default or a waiver. The protective order issue took on new significance with the district court's final order of September 17, 1998, and the state's decision in light of that order to retry the penalty phase. Moreover, it is clear from the record, and from the district court's comment on August 31, 1998, that the district court reheard and reconsidered the issue on remand based on new briefs and arguments.[2] The text of the district court's order on November 2, 1998, is as follows: "Respondent Calderon's Motion for Reconsideration came before the Court for hearing on November 2, 1998, and the Court took the motion under submission. Having considered the papers filed and the arguments of counsel, the Court now denies the motion for reconsideration."

---

**2.** We find no merit to *McDowell's* argument that by accepting over protest the disputed material subject to the protective order the Attorney General necessarily accepted for all time its improper conditions.

This is a final order now ripe for consideration on appeal. We hear and decide it as such.

## III

■ The law on this issue is straightforward and uncomplicated. It is the law of this circuit that when a petitioner in a habeas corpus action raises a Sixth Amendment claim of ineffective assistance of counsel, he waives the attorney-client privilege as to the matters challenged. *Wharton*, 127 F.3d at 1203. Moreover, the "privilege is an evidentiary rule designed to prevent the forced disclosure in a judicial proceeding of certain confidential communications between a client and a lawyer." *Id.* at 1205 (quoting *United States v. Rogers*, 751 F.2d 1074, 1077 (9th Cir. 1985)). The rule does not apply where there is no "forced disclosure of a confidential communication in a judicial proceeding." *Rogers*, 751 F.2d at 1077. "Thus, a court's authority to 'protect' the attorney-client privilege simply does not extend, at least absent some compelling circumstances, to non-compelled, voluntary, [disclosures], any more than it does to an after-dinner conversation. The attorney-client privilege is a rule of evidence." *Wharton*, 127 F.3d at 1205.

■ The facts and circumstances of *Wharton* are instructive in the present controversy. In *Wharton*, we faced a situation where a district court attempted, with a protective order, to chaperon an implied waiver of the attorney-client privilege occasioned by an ineffective assistance of counsel claim brought by a habeas petitioner regarding his state court trial. To "safeguard ... the scope of [the] implied waiver," the district court entered a protective order prohibiting the respondent Warden "from communicating with Petitioner's former trial or appellate counsel and their agents about any matters relating to Petitioner's Petition for a Writ of Habeas Corpus except in a deposition setting with Petitioner's counsel present." *Id.* at 1203. On appeal, we vacated the order on the grounds that it was (1) irreconcilable with the controlling law regarding the waiver of the privilege, and (2) beyond the recognized authority of a federal district court either (a) to regulate the conduct of the attorneys appearing before it or (b) to exercise its "inherent authority." *Id.* at 1207.

The untoward consequences of a protective order such as the order we face in the present case are readily apparent. First, the state lawyers handling the defense in federal court would be disadvantaged by the order because its anti-disclosure provisions prevent full consultation with the prosecutors who originally tried the case. This disadvantage attaches not to a peripheral matter, but necessarily to a constitutional issue that has the capacity to undo a conviction. Such a disadvantage is flatly inconsistent with the implied waiver of the privilege and saddles the respondent with an undue handicap. Among other obvious particulars, the order interferes with the State's ability to demonstrate that any errors of counsel did not cause any prejudice at trial. As we said earlier in this case, McDowell "must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *McDowell*, 107 F.3d at 1356. It is hard to imagine a more obvious source of information on this central issue than the State's trial lawyers. One can even imagine an extension of the district court's order to exclude state court prosecutors—or even the media—from the federal courtroom during the litigation of the issue, which we note usually includes an evidentiary hearing.

Moreover, any state lawyer defending against McDowell's habeas petition would be disqualified by the Order as trial counsel in any retrial in state court even if his mission were to guard against a repeat of the situation that brought about the Sixth Amendment claim in this case. We are unable to locate any authority that would support such a result.

Furthermore, such a protective order might encourage federal courts causing a

new trial in state court—while at the same time trying to keep information away from prosecutors—either to obscure the constitutional reasons for such an intrusion into the affairs of the state, or to seal the material from public scrutiny. How else could a federal court keep information from prosecutors yet use it as a basis to undo a conviction? To articulate this problem is to expose its irreconcilability with the principles of open courts, public trials, and judicial accountability. We note in this case that some of the very material McDowell now seeks to protect was openly included without seal or protection in his public excerpt of record on appeal and referred to by us in our opinion. *See McDowell,* 107 F.3d at 1360–65 (relating to the intoxication defense, use of a mental health expert, and mitigating evidence not introduced). This only highlights the folly of attempting to enforce such an order and the extreme length a court would be required to go to in order to make it effective.[3]

■ Accordingly, and because we find no "compelling circumstances" in this case, we conclude under the authority of *Wharton* that the district court's protective order misapprehended the law regarding the scope of the attorney-client privilege and was thus an unintentional abuse of discretion.[4]

## IV

■ The district court's protective order suffers from another fatal defect. The order at this stage of the proceedings is clearly aimed at the scheduled retrial in state court of the issue of the penalty McDowell must suffer for the murder of which he stands lawfully convicted. As such, the district court's order presupposes the potential of an evidentiary ruling in state court that might somehow violate McDowell's rights. Under these circumstances, we conclude that the district court's order constitutes an unwarranted anticipatory interference with the prerogatives of the state courts. The protective order effectively enjoins California courts from adjudicating a state law issue concerning McDowell's waiver of the attorney-client privilege and attempts—as requested by McDowell—to retain continuing supervisory jurisdiction over the conduct of the retrial in state court. Such an unprecedented order contravenes basic principles of comity and federalism. As the Supreme Court said in *Younger v. Harris,* 401 U.S. 37, 43–44, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), "the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *See also Perez v. Ledesma,* 401 U.S. 82, 84, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971). ("[T]he ... admissibility of evidence in state criminal prosecutions [is] ordinarily [a] matter[ ] to be resolved by state tribunals ..., subject, of course, to review by certiorari or appeal in [the United States Supreme] Court or, in a proper case, on federal habeas corpus ...."); *see, e.g., Stefanelli v. Minard,* 342 U.S. 117, 120, 72 S.Ct. 118, 96 L.Ed. 138 (1951) ("[F]ederal courts should refuse to intervene in State criminal proceedings to suppress the use of evidence even when claimed to have been secured by unlawful search and seizure."). As the Supreme Court said in *Pitchess v. Davis,* 421 U.S. 482, 490, 95 S.Ct. 1748, 44 L.Ed.2d 317 (1975), "Neither Rule 60(b), 28 U.S.C. § 2254 [28 U.S.C. § 2254], nor the two read together permit a federal habeas court to maintain a continuing supervision over a retrial conducted pursuant to a conditional writ granted by a habeas court."

3. Calderon points to these disclosures as the separate basis of a waiver of the privilege, an issue we decline to address.

4. McDowell's attempt to spin what is at its core an attorney-client privilege issue as a "work product privilege" issue is unpersuasive. In any event, were we to regard it as such, we would hold that it, too, has been waived. A petitioner on habeas corpus attacking the work-product of his attorney cannot expect to both preserve his cake and also consume it as he sees fit.

## V

We remand this matter to the district court with instructions to vacate the protective order and to eliminate all references to it from the Order of September 17, 1998, granting McDowell's petition for a writ of habeas corpus.[5]

REMANDED.

DAVID R. THOMPSON, Circuit Judge, concurring in part:

I concur in the result reached by the majority. I would not, however, reach the question of the protective order's initial validity, which the majority discusses in part IV. In my view, it is enough that we hold, consistent with the majority's analysis in part V, that the protective order presently constitutes an improper interference with the prerogatives of the state courts. Accordingly, disassociating myself from part IV of the majority opinion, I concur in the judgment.

---

5. Petitioner McDowell's request for sanctions   is denied.