Lance Ian OSBAND, Petitioner–
Appellee,

v.

Jeanne WOODFORD, Warden of the
California State Prison at San Quen-
tin, Respondent–Appellant.

No. 00–99016.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 10, 2001.

Filed March 6, 2002.

Ward Campbell, Attorney General's Office, Sacramento, CA, for the respondent-appellant.

Connie Marie Alvarez, Sacramento, CA, for the petitioner-appellee.

Before POLITZ,* W. FLETCHER, and FISHER, Circuit Judges.

## OPINION

WILLIAM A. FLETCHER, Circuit Judge.

Petitioner-appellee seeks a writ of habeas corpus in this capital case, claiming, among other things, ineffective assistance by his trial counsel. Because of petitioner's ineffective assistance claim, the magistrate judge allowed discovery by the State of materials that would ordinarily have been subject to evidentiary privileges, including the attorney-client privilege. Over the State's objection, the magistrate judge also entered a protective order limiting the State's use of the materials. The district court denied the State's motion to reconsider the magistrate judge's order, and the State appeals that denial.

We hold that the district court's denial of the motion to reconsider is an appealable collateral order. We further hold that the denial of the motion was not clear error and, accordingly, affirm the district court.

## I. Background

Petitioner-appellee Lance Ian Osband was convicted of first-degree murder in a California state court and sentenced to death. The California Supreme Court affirmed the judgment, *see People v. Osband,* 13 Cal.4th 622, 55 Cal.Rptr.2d 26, 919 P.2d 640 (1996), and later denied Osband's petition for writ of habeas corpus. Osband then sought a writ of habeas corpus in federal district court under 28 U.S.C. § 2254.

Osband's petition asserted numerous claims of ineffective assistance of counsel, including a claim that counsel was inadequate in the development and presentation of evidence regarding Osband's mental health. The magistrate judge granted the State's motion for discovery on these claims, finding that "petitioner has waived attorney/client privilege and work product protection with respect to all documents relevant to his ineffective assistance of counsel claims." The magistrate judge also found that, given the allegations relating to mental health evidence, "any privilege for petitioner's communications with non-testifying mental health professionals has been waived."

The magistrate judge allowed discovery of trial counsel's files and of the records of two mental health examiners, but it entered a protective order restricting use of these documents by the State. The order, entered over the State's objection, read as follows:

---

* Honorable Henry A. Politz, Senior Circuit Judge for the Fifth Circuit, sitting by designa-

tion.

All documents produced to respondent pursuant to respondent's motion to discover trial counsel's file and the mental health examinations of Drs. Yarvis and Hutchinson, prepared at trial counsel's request in preparation for trial, shall be deemed to be confidential. These documents may be used only by representatives from the Office of the California Attorney General and may be used only for purposes of any proceedings incident to the petition for writ of habeas corpus pending before this Court. Disclosure of the contents of the documents and the documents themselves may not be made to any other persons or agencies, including any law enforcement or prosecutorial personnel or agencies without an order from this Court. This order shall continue in effect after the conclusion of the habeas corpus proceedings and specifically shall apply in the event of a retrial of all or any portion of petitioner's criminal case.

The State moved in the district court for reconsideration of the magistrate judge's order. Applying the clear error standard of 28 U.S.C. § 636(b)(1)(A), the district court denied the motion. The district court emphasized that under our en banc opinion in *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir.1999) (en banc) (*McDowell II*), a magistrate judge retains broad discretion to decide whether to issue such a protective order. Noting that the magistrate judge could later modify the protective order, the district court indicated that"[t]o the extent the Order handicaps respondent's ability to defend against petitioner's claims, respondent may seek particularized relief from the Magistrate Judge designed to mitigate any such prejudice."

The State timely appealed the district court's denial of its motion to reconsider the magistrate judge's order.

## II. Appellate Jurisdiction

As an initial matter, petitioner-appellee Osband argues that we lack subject matter jurisdiction over the State's appeal. We disagree. While neither the protective order nor the district court's denial of the motion to reconsider is a final judgment on the merits of the case, we have jurisdiction pursuant to 28 U.S.C. § 1291 under the "collateral order doctrine." *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Appealable collateral orders belong to "that small class [of orders] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Id.* at 546, 69 S.Ct. 1221.

We have previously heard an interlocutory appeal of a protective order in a case very similar to this one. In *Wharton v. Calderon,* 127 F.3d 1201 (9th Cir.1997), petitioner Wharton was a state court prisoner under sentence of death who sought a writ of habeas corpus alleging, *inter alia,* ineffective assistance of counsel. The district court held that Wharton had waived his attorney-client privilege for materials relevant to his ineffective assistance claim, and it allowed discovery by the State. At the same time, however, the district court entered a protective order prohibiting the State from communicating with Wharton's former counsel except in a deposition at which Wharton's current counsel could be present. The State appealed the order.

We held in *Wharton* that the protective order was an appealable collateral order. Paraphrasing the Supreme Court in *Swint v. Chambers County Commission*, 514 U.S. 35, 42, 115 S.Ct. 1203, 131 L.Ed.2d 60 (1995), we stated that to be appealable an

**1128**

interlocutory order must satisfy three requirements: (1) it must be "conclusive"; (2) it must "resolve an important question separate from the merits"; and (3) it must be "effectively unreviewable on appeal from a final judgment." *Wharton*, 127 F.3d at 1203.

■ We conclude in this case that all three requirements are met and that the protective order is appealable. First, the protective order is the "conclusive" determination by the district court of the legal issue in question. The petitioner in *Wharton* conceded that the protective order was conclusive, but petitioner in this case does not. Osband points out that the district court noted that, should the need arise, the State could seek modification of the order to avoid prejudice. This is true, but the protective order in *Wharton* is, in this respect, not different in substance from the order in this case. A party subject to a protective order is generally free to return to the issuing court to seek modification of the order. *See Empire Blue Cross & Blue Shield v. Janet Greeson's A Place For Us*, 62 F.3d 1217, 1219 (9th Cir.1995). The protective order in *Wharton* did not specify that modification might be available to avoid prejudice, but we view it as fairly implicit in the order that such modification was available. Our opinion in *Wharton* does not recount whether the district court ever stated that its order was subject to modification; but this hardly matters, for it is clear, even without such a statement, that it would have been.

In any event, the issue in this appeal is not whether prejudice to the State might, at some future date, lead to modification of the order. The issue is, rather, the underlying legal basis of the order. The State argues that under *Anderson v. Calderon*, 232 F.3d 1053 (9th Cir.2000), the magistrate judge was simply without power to issue the order. According to the State, the waiver of the attorney-client privilege was essentially unqualified " 'as to the matters challenged' " in Osband's ineffective assistance claim. State's brief at 12–13 (quoting *Anderson*, 232 F.3d at 1099). If this is so, the magistrate judge was without power to restrict access to the discovered materials by state law enforcement and prosecutorial officials. Further, according to the State, the magistrate judge's prohibition on using the discovered materials on retrial in the state court (if retrial were to occur) was " 'an unwarranted anticipatory interference with the prerogatives of the state courts.' " *Id.*

The magistrate judge's entry of the order, and the district court's denial of the State's motion to reconsider, are "conclusive" determinations that Osband's ineffective assistance claim does not constitute an unqualified waiver of the attorney-client privilege, and that the federal court has the power to prohibit use of the discovered materials on retrial in state court. These were conclusive determinations that the magistrate judge "possessed the legal authority to issue the [protective] order." *Jackson v. Vasquez*, 1 F.3d 885, 888 (9th Cir.1993). In our recent en banc decision in *McDowell II*, we distinguished an appeal like this one, in which the issue is the legal basis of the protective order, from an appeal of a district court's refusal to modify the protective order. *See* 197 F.3d at 1255, n. 2 ("When, on the other hand, we review a district court's refusal to modify a protective order on the ground of changed circumstances, the legal basis for the original order is not at issue."). Even if the protective order in this case is later modified to avoid prejudice to the State, the underlying issue of the legal basis for the order will not be revisited. As to that issue, the order was "made with the expectation that it would be the final word on the subject addressed." *Jackson*, 1 F.3d at 887 (internal citations omitted).

Second, the protective order in this case resolves an "important" issue "separate from the merits" of the underlying action. The importance of the issue presented is beyond doubt. The validity of protective orders in such cases has been the subject of several opinions by this Court in recent years. *See, e.g., Anderson,* 232 F.3d 1053 (9th Cir.2000); *McDowell II,* 197 F.3d 1253 (9th Cir.1999) (en banc); *McDowell v. Calderon,* 173 F.3d 1186 (9th Cir.1999) (*McDowell I* ); *Wharton,* 127 F.3d 1201 (9th Cir.1997). The many federal habeas petitioners who each year raise claims of ineffective assistance of counsel (and the concomitant issue of waiver of privilege) need to know the implications of making such claims, as does the petitioner in this case. The issue is separable from the merits of the underlying habeas petition, for resolution of the legality of the protective order does not require analysis of the substantive merits of Osband's claims. It is "a final disposition of a claimed right which is not an ingredient of the cause of action and does not require consideration with it." *Cohen,* 337 U.S. at 546–47, 69 S.Ct. 1221.

Osband does not dispute the importance of the issue. He argues, however, that the protective order is not separate from the merits of the habeas petition. He points out that a district court's decision to grant discovery in a habeas case requires at least a preliminary review and favorable assessment of the merits of that case. From this he argues that the decisions to allow discovery and to issue a protective order are "inextricably entwined with the district court's ongoing assessment of the *prima facie* merits of Mr. Osband's Sixth Amendment claim." Petitioner-appellee's brief at 14. If Osband is correct, we decided *Wharton* incorrectly, for the identical argument was available in that case: Petitioner Wharton had sought federal habeas; he had alleged ineffective assistance of counsel; and the district court found peti-

tioner's claims sufficiently meritorious to allow discovery to proceed, subject to a protective order.

Whatever connection may exist between the merits of the habeas petition and the legal basis of the protective order, the order "is separable in the sense that the question of whether [the law permits] an order of such scope at this stage of the proceedings will not be answered by the disposition of the pending [habeas proceeding]." *United States v. Spilotro,* 680 F.2d 612, 615 (9th Cir.1982). The order "is not a mere step toward final disposition of [Osband's] claims, but rather it plainly presents an important issue separate from the merits of the habeas petition." *Jackson,* 1 F.3d at 888 (internal quotations and citations omitted); *see also Wharton,* 127 F.3d at 1204.

Third, and finally, the protective order will be "effectively unreviewable on appeal" from a final judgment granting Osband's petition. In arguing that this requirement from *Swint* is met, the State points to the portion of the protective order that prohibits it from disclosing the discovered materials to "law enforcement and prosecutorial personnel" during the habeas proceeding, as well as thereafter. The State argues that the prohibition will hamper its ability to respond to the merits of the petitioner's habeas claims of ineffective assistance of counsel. If the State is in fact prejudiced in its ability to defend against the habeas petition by this (or some other) aspect of the protective order, and if Osband prevails on the merits of his petition, it may indeed be impossible for the State to show that compliance with the protective order prejudiced its defense. For example, having never discussed the discovered materials with the "prosecutorial personnel" who prosecuted Osband, the State may never know how it could have done a better job in defending against the

habeas petition if it had been able to discuss those materials with them. It therefore could never show prejudice. Further, even if the State could show prejudice, it is unlikely that this could serve as a ground for reversal of a grant of habeas. As we concluded in a very similar circumstance in *Wharton*, " 'the [State] will not be able to show, on appeal from the final decision [from the grant of the habeas petition] that [it] was unfairly prejudiced in the habeas proceeding as a result of [its] compliance.' " 127 F.3d at 1204 (quoting *Jackson*, 1 F.3d at 888).

■ Because the protective order and the denial of the motion to reconsider the order satisfy the three requirements of the collateral order doctrine as articulated by the Supreme Court in *Swint*, we hold that the State's appeal is properly before us. The district court's denial of the motion to reconsider is "too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen*, 69 S.Ct. at 1226.

## III. Standard of Review

■ A district judge may reconsider a magistrate's order in a pretrial matter if that order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). We review a district court's denial of a motion to reconsider a magistrate's pretrial order under that same standard. *See Kulas v. Flores*, 255 F.3d 780, 783 (9th Cir.2001) (questions of law are reviewed de novo); *see also Brown v. Wesley's Quaker Maid, Inc.*, 771 F.2d 952, 954 (6th Cir. 1985) (noting court applies the "clearly erroneous" standard of review on appeal of a "non-dispositive pretrial motion such as a discovery motion").

## IV. Legality of the Protective Order

■ The State argues that the district court's denial of the motion to reconsider conflicts with Ninth Circuit authority. We disagree. In declining to reconsider the magistrate's protective order, the district court properly applied the law of this circuit as set forth in our en banc decision in *McDowell II*.

The protective order in *McDowell I* and *II* was virtually identical to the protective order in this case. The order "stat[ed] that the Attorney General could use any documents produced from the trial counsel's file only for purposes of the pending habeas litigation." *McDowell II*, 197 F.3d at 1254. "By the terms of the order, this restriction was to continue in effect after the conclusion of the habeas proceedings and would apply 'in the event of a retrial of all or any portion of [the petitioner's] criminal case.' " *Id.* After the district court granted the writ of habeas corpus and reaffirmed that the order was to remain in effect, the State filed a motion for reconsideration under Federal Rule of Civil Procedure 59(e), arguing that the order was improper. On appeal from the denial of that motion, a three-judge panel of this court agreed with the State that the protective order "misapprehended the law regarding the scope of the attorney-client privilege and was thus an unintentional abuse of discretion." *McDowell I*, 173 F.3d at 1191. In the panel's view, the district court's order constituted "an unwarranted anticipatory interference with the prerogatives of the state courts" because it "effectively enjoins California courts from adjudicating a state law issue concerning [the petitioner's] waiver of the attorney-client privilege" and attempts "to retain continuing supervisory jurisdiction over the conduct of the retrial in state court." *Id.* at 1191. Such an order, the panel wrote, "contravenes basic principles of comity and federalism." *Id.*

On rehearing en banc, we disagreed, holding that "the district court did not commit clear error when it limited access

to the file pursuant to the terms of the protective order." *McDowell II,* 197 F.3d at 1256. In support of our holding, we emphasized that district courts have "very broad discretion in fashioning discovery orders under Fed.R.Civ.P. 26(c), and the protective order did not fall clearly outside the bounds of that authority." *Id.* Therefore, we held that the district court did not commit clear error in denying the motion to reconsider the protective order.

■ Applying *McDowell II,* we hold in this case that the district court did not commit clear error in denying the motion to reconsider the protective order. While a petitioner in a habeas corpus action who raises a Sixth Amendment claim of ineffective assistance of counsel waives the attorney-client privilege as to the matters challenged, *see Wharton,* 127 F.3d at 1203, *McDowell II* makes clear that it is within the discretion of the district court to issue an order limiting that waiver to the habeas proceeding in which the ineffective assistance question is raised.

The State argues that the protective order may unduly limit its ability to use the attorney-client-privileged materials in the event of a retrial in state court, and that the state rather than the federal court should determine the scope of the waiver on retrial. It is true that the order is designed to ensure that the prosecution on retrial will not use the discovery permitted in the habeas proceeding to circumvent the more limited discovery available in criminal prosecutions. *See McSurely v. McClellan,* 426 F.2d 664, 671–672 (D.C.Cir. 1970) ("[C]ivil discovery may not be used to subvert limitations on discovery in criminal cases, either by the government or by private parties."); *Campbell v. Eastland,* 307 F.2d 478, 487 (5th Cir.1962) ("A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and

thereby obtain documents he would not otherwise be entitled to for use in his criminal suit."). It is also true that if Osband is granted a new trial because of the ineffectiveness of his trial counsel, the order will limit the ability of the State to use against him material that would have remained undisclosed but for the violation of his constitutional rights by his earlier counsel.

In the posture of this case, however, the question is not whether the federal district court on habeas was correct in entering a protective order limiting the use of attorney-client material on retrial. The question before us is narrower. We are asked only to decide whether it was clear error for the district court to deny the motion for reconsideration of such a protective order. The en banc panel in *McDowell II* provided the answer when presented with a virtually identical order: "The question being a debatable one, the district court did not commit clear error when it limited access ... pursuant to the terms of the protective order." 197 F.3d at 1256.

The State finds support for its argument in *Anderson v. Calderon,* 232 F.3d 1053 (9th Cir.2000). *Anderson,* decided by a three-judge panel after our en banc decision in *McDowell II,* wrote that a district court correctly denied a capital habeas petitioner's request for a protective order comparable to the orders entered in *McDowell* and in this case. *Id.* at 1099–1100. The *Anderson* panel set forth, in language that tracks verbatim the language of the vacated panel opinion in *McDowell I,* its disapproval of the protective order sought by Anderson as "an unwarranted anticipatory interference of the state courts" that would "contravene basic principles of comity and federalism." *Compare id.* at 1099–1100 *with McDowell I,* 173 F.3d at 1191.

For three reasons, we refuse to accord to *Anderson* the weight the State would give it. First, in *Anderson* the district court had refused to grant a protective order comparable to the order in this case. But the district court's refusal had been dictated by the three-judge panel decision in *McDowell I.* We now know that the three-judge panel decision in *McDowell I* was vacated, and that the governing opinion is *McDowell II.* Thus, the three-judge panel in *Anderson* approved an action taken by the district court under compulsion of a decision that was later vacated.

Second, the statement by the *Anderson* panel is dictum. *Anderson* upheld the district court's denial of the writ of habeas corpus on the merits. Given the denial of the writ, there was going to be no retrial. (Indeed, Anderson has since been executed.) It is therefore clear that everything the *Anderson* panel said about the use of the discovered materials at retrial had no operational meaning in that case, and it was clear to the *Anderson* panel at the time it wrote that this was so.

■ Third, to the extent *Anderson* is inconsistent with the statement of Ninth Circuit law set forth in *McDowell II,* we, of course, are bound by the en banc decision. A panel of the Court of Appeals cannot revisit a prior decision made by the court sitting en banc. *Payton v. Woodford,* 258 F.3d 905, 914 (9th Cir.2001); *see also Rand v. Rowland,* 154 F.3d 952, 964 (9th Cir.1998) (en banc) (Reinhardt, J., concurring) ("After all, overruling precedent is an important function that is expressly reserved to the en banc court, and a panel is ordinarily not free to do so."). *McDowell II* plainly holds that protective orders like the one issued in this case do not fall outside the bounds of the very broad discretion of the district courts, and

that it is not clear error to deny a motion to reconsider such an order.

We therefore AFFIRM the ruling of the district court.