**Patrick Neal BRADBERRY, Petitioner–Appellant,**

v.

**Terry L. STEWART, Director; et al., Respondents–Appellees.**

No. 04–15178.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.[*]

Decided May 13, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*  Fed. R.App. P. 34(a)(2).

Patrick Neal Bradberry, Florence, AZ, pro se.

Katia Mehu, AGAZ–Office of the Arizona Attorney General, Phoenix, AZ, for Respondents–Appellees.

Before: PREGERSON, CANBY, and THOMAS, Circuit Judges.

## MEMORANDUM **

Patrick Neal Bradberry appeals pro se the district court's judgment denying his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

■ First, Bradberry contends that he was denied a fair trial due to juror misconduct. However, Bradberry failed to demonstrate that he was actually prejudiced by the alleged misconduct, in light of the fact that the jury was admonished and the juror was excused as an alternate. *See Anderson v. Calderon,* 232 F.3d 1053, 1098 (9th Cir.2000), *overruled on other grounds by Osband v. Woodford,* 290 F.3d 1036, 1039 (9th Cir.2002).

■ Second, Bradberry contends that he was incompetent to stand trial. However, the record demonstrates that the state court's decision was fairly supported. *See Maggio v. Fulford,* 462 U.S. 111, 117, 103 S.Ct. 2261, 76 L.Ed.2d 794 (1983) (per curiam).

■ Third, Bradberry contends that he was denied his right to confrontation when one victim did not testify. However, Bradberry failed to demonstrate that any testimonial statements by that victim were used at trial. *See Crawford v. Washing-*

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*ton,* 541 U.S. 36, 59–60, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).

■ Fourth, Bradberry contends that his *Miranda* rights were violated when the trial court admitted his custodial statements. However, the record demonstrates that his statements were not a product of interrogation but were made spontaneously. *See Rhode Island v. Innis,* 446 U.S. 291, 300–02, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980).

■ Fifth, Bradberry contends that he received ineffective assistance of counsel because, *inter alia,* counsel abandoned him, failed to develop a defense, and failed to investigate. However, Bradberry does not demonstrate what, if anything, counsel could have done that would have made a difference in the outcome of the trial, in light of the overwhelming evidence against him. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ Accordingly, the district court did not err in concluding that the state court's decision was not contrary to nor an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d).

AFFIRMED.[1]

---

1. Bradberry seeks to expand the certificate of appealability ("COA") to encompass two more issues. We decline to expand the COA because Bradberry fails to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

