Robert G. WRIGHT, Jr.,
Plaintiff–Appellant,

v.

The FEDERAL BUREAU OF
INVESTIGATION,
Defendant

and

James Crogan, Real–Party–
in–interest–Appellee.

No. 05–56398.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 6, 2007.

Filed June 29, 2007.

Paul Orfanedes, Washington, DC, for Plaintiff–Appellant.

Matthew Lepore, Department of Justice, Civil Division, Linda A. Wawzenski, Esq., Washington, DC, U.S. Attorney's Office, Chicago, IL, for Defendant.

Susan E. Seager, Esq., Davis Wright Tremaine, LLP, Los Angeles, CA, for Real–Party–in–interest–Appellee.

Before: THOMAS and GOULD, Circuit Judges, and CHESNEY,* District Judge.

* The Honorable Maxine M. Chesney, United   States District Judge for the Northern District

## MEMORANDUM **

Robert G. Wright, Jr. ("Wright") appeals from the district court's denial of Wright's "motion for review" of the magistrate judge's order denying Wright's motion to compel discovery from non-party journalist James Crogan ("Crogan").[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. *See Premium Service Corp. v. The Sperry & Hutchinson Co.,* 511 F.2d 225, 227–229 (9th Cir.1975). The district court's denial of a motion to reconsider a magistrate's pretrial order will be reversed only if "clearly erroneous or contrary to law." *Osband v. Woodford,* 290 F.3d 1036, 1041 (9th Cir.2002).

"[W]hen facts acquired by a journalist in the course of gathering the news become the target of discovery, a qualified privilege against compelled disclosure comes into play." *Shoen v. Shoen,* 5 F.3d 1289, 1292 (9th Cir.1993) ("*Shoen I* ") (citing *Farr v. Pitchess,* 522 F.2d 464, 467–68 (9th Cir.1975)). Where, as here, a civil litigant seeks to compel discovery from a journalist with respect to information the journalist obtained from a non-confidential source, we have held that the "litigant is entitled to requested discovery notwithstanding a valid assertion of the journalist's privilege ... only upon a showing that the requested material is: (1) unavailable despite exhaustion of all reasonable alternative sources; (2) noncumulative; and (3) clearly relevant to an important issue in the case." *Shoen v. Shoen,* 48 F.3d 412, 416 (9th Cir.1995) ("*Shoen II* ").

In determining the discovery Wright sought from Crogan was not "clearly relevant to an important issue in the case," the magistrate judge erred by limiting the scope of Wright's complaint based on statements Wright made at his deposition, in the absence of any indication that the district court in the Northern District of Illinois considered Wright's complaint to be so limited. Statements made at a deposition, unlike statements made in response to requests for admission, are not binding on the deponent. *Compare* Fed.R.Civ.P. 32(a) *with* Fed.R.Civ.P. 36(b); *see also Victory Carriers, Inc. v. Stockton Stevedoring Co.* 388 F.2d 955, 959 (9th Cir. 1968); *Keller v. United States,* 58 F.3d 1194, 1198 n. 8 (7th Cir.1995). Moreover, the allegations of the complaint are broad enough to encompass the disclosures identified in the Schippers letter, and Wright expressly asserted at the hearing before the magistrate judge that his claim was based on those disclosures. The magistrate judge also had before her, as exhibits to the briefing on the motion to compel, Wright's interrogatory responses, in which Wright made clear that his claim was based on the disclosures identified in the Schippers letter. Finally, there is nothing in the record indicating the defendants in the underlying action in the Northern District of Illinois relied in any way on Wright's statements at his deposition in preparing for trial, much less that the defendants have sought, or even intend to seek, to so limit the scope of Wright's claim. Given the record described above, the magistrate judge erred in concluding that the complaint was based on a set of disclosures different than those on which Wright bases his claim. Consequently, the district court erred in denying Wright's "motion for review."

Based on her determination as to the scope of Wright's complaint, the magis-

---

of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.

trate judge denied Wright's motion to compel on the ground that the information purportedly disclosed to Crogan already had been disclosed to the public by Wright himself, and, consequently, was not protected under the Privacy Act. As a result, the magistrate judge held that the discovery sought from Crogan was not "clearly relevant to an important issue in the case," *see Shoen II,* 48 F.3d at 416, as Wright, in essence, had no case. In so finding, the magistrate judge did not apply the *Shoen II* test to the disclosures identified in the Schippers letter. Accordingly, we will remand to the district court for further proceedings.

In that regard, we note that the issue of whether a Privacy Act claim can be based on a defendant's disclosure of information previously disclosed to the public is a matter of first impression both in this Circuit and in the Seventh Circuit, where the underlying action is pending. Because the scope of the complaint ultimately must be decided by the district court in the Northern District of Illinois, and because that determination may render unnecessary any decision by this Court with respect to the issue of prior public disclosure,[2] we decline to address such issue in the first instance. However, the parties may wish to seek clarification as to how the district court in the Northern District of Illinois would resolve this issue of first impression.

In sum, because the magistrate judge erred in limiting the scope of Wright's complaint, we reverse and remand for further proceedings consistent herewith. In the interest of judicial economy, and to avoid potentially conflicting rulings, the district court is directed to stay further proceedings until Wright obtains from the district court for the Northern District of Illinois an order defining the scope of his claims and, potentially, stating that court's position on whether the Privacy Act applies to information previously disclosed to the public.

**REVERSED AND REMANDED.**

---

2. In particular, at oral argument, Wright's counsel stated that the only disclosure on which Wright seeks to take discovery from Crogan is the disclosure, identified in the Schippers letter, that Wright was the subject of ten internal investigations. There is no evidence in the record before us that such information previously was disclosed to the public.

