Donald Claython FULLER, Jr.,
Plaintiff—Appellant,

v.

COUNTY OF ORANGE; et al.,
Defendants—Appellees.

No. 06–55511.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 8, 2007.

Filed May 2, 2008.

---

R.App. P. 34(a)(2).

Robert Mann, Esq., Mann & Cook, Los Angeles, CA, for Plaintiff–Appellant.

David D. Lawrence, Esq., Franscell Strickland, et al., Orange, CA, for Defendants–Appellees.

Before: WARDLAW, BEA, and N.R. SMITH, Circuit Judges.

MEMORANDUM *

Donald Claython Fuller, Jr. ("Fuller") appeals the district court's grant of summary judgment for Defendants County of Orange, the Orange County Sheriff's De-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

partment, former Orange County Sheriff Michael Carona, Orange County Sheriff's Deputies Streeter, Drootin, and Feely, and Sergeant Acuna ("Defendants"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand for further proceedings.

Fuller brought this action under 42 U.S.C. § 1983 and California law, asserting Orange County Sheriff's Deputies used excessive force against him during his booking and incarceration, in violation of his First and Fourth Amendment rights. The district court granted the Defendants' motion for summary judgment, holding there was no triable issue of fact that the deputies' use of force was objectively reasonable.

We "review de novo a grant of summary judgment and must determine whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Goodstein v. Cont'l Cas. Co.*, 509 F.3d 1042, 1049 n. 6 (9th Cir.2007) (citation and internal quotation marks omitted).

## I.

### A.

■ "[U]se of force is contrary to the Fourth Amendment if it is excessive under objective standards of reasonableness." *Saucier v. Katz*, 533 U.S. 194, 202, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). In determining whether the use of force was reasonable, we balance the severity of the force applied against the need for the use of force. *See Drummond v. City of Anaheim*, 343 F.3d 1052, 1056–60 (9th Cir. 2003).

Viewing the facts in the light most favorable to Fuller, we hold there is a triable issue of fact as to whether the deputies' use of force was reasonable. Thus, we reverse the grant of summary judgment for Deputies Streeter, Feely, and Drootin.

### B.

■ We reverse the district court's grant of summary judgment for Sergeant Acuna, who was assigned to the Orange County Jail as a supervisor at the time of the incident. A supervisor may be liable under § 1983 if he "was personally involved in the constitutional deprivation or a sufficient causal connection exists between the supervisor's unlawful conduct and the constitutional violation." *Lolli v. County of Orange*, 351 F.3d 410, 418 (9th Cir.2003) (citation and internal quotation marks omitted).

Even though Acuna did not have physical contact with Fuller, he supervised the deputies as they searched Fuller, watched to make sure the search was conducted in accordance with County policies and procedures, but failed to prevent the unreasonable use of force on Fuller.

### C.

We affirm the district court's grant of summary judgment for Sheriff Carona for claims against him in his personal capacity and reverse as to the claims against him in his official capacity.

■ There is no *respondeat superior* liability under § 1983, and thus Sheriff Carona cannot be held liable based solely on his position as Orange County Sheriff. *See Hansen v. Black*, 885 F.2d 642, 645–46 (9th Cir.1989). It is undisputed Sheriff Carona was not present at the Orange County Jail during the incident at issue and thus had no personal involvement in Fuller's booking or search. Therefore, the district court correctly entered summary judgment on Fuller's claims against Sher-

iff Carona in his personal capacity. *See Larez v. City of Los Angeles*, 946 F.2d 630, 645–46 (9th Cir.1991).

■ The district court erred, however, in entering summary judgment on Fuller's claims against Sheriff Carona in his official capacity. Fuller introduced evidence that Sheriff Carona was the final policy-maker for all jail policies and was ultimately responsible for deciding the appropriate departmental response following an internal investigation. Fuller also introduced a report that was prepared by a criminal justice consultant on Sheriff Carona's behalf. The report detailed concerns regarding the use of force by jail personnel during the time period relevant to the instant case. Therefore, the district court erred in entering summary judgment in favor of Sheriff Carona on the claims against him in his official capacity.[1] *See Lolli*, 351 F.3d at 418; *Larez*, 946 F.2d at 646–47.

### D.

■ The district court did not reach the question whether the individual Defendants are entitled to qualified immunity because it held no Fourth Amendment violation occurred. Because the facts, viewed in the light most favorable to Fuller, establish a constitutional violation, we turn to whether the individual Defendants are entitled to qualified immunity. The law of the Ninth Circuit at the time of this incident (February 27, 2001) would have given reasonable officers "fair warning" that the use of force less severe than the force used on Fuller, under similar circumstances, violates the Fourth Amendment. *See Hope v. Pelzer*, 536 U.S. 730, 739–40, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002); *Felix v. McCarthy*, 939 F.2d 699, 701–02 (9th Cir. 1991) (throwing a prisoner against a wall without provocation, causing bruising and soreness, constitutes unconstitutionally excessive use of force); *Palmer v. Sanderson*, 9 F.3d 1433, 1436 (9th Cir.1993) (tightly handcuffing an arrestee in disregard of the arrestee's complaints constitutes excessive use of force where the handcuffs caused pain and bruising). Therefore, we hold the individual Defendants are not entitled to qualified immunity.

### E.

■ We reverse the district court's grant of summary judgment for the County of Orange and the Orange County Sheriff's Department. To establish municipal liability under § 1983, Fuller must show: (1) a County employee violated Fuller's rights; (2) the County has "customs or policies that amount to deliberate indifference" to constitutional rights; and (3) "these policies were the moving force behind the employee's violation of [Fuller's] constitutional rights, in the sense that the County could have prevented the violation

---

1. We remind the parties and the district court that the official-capacity suit against Sheriff Carona is, "in all respects other than name, to be treated as a suit against the entity," *i.e.*, the County of Orange and the Orange County Sheriff's Department. *See Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). The official-capacity action is *"not* a suit against the official personally, for the real party in interest is the entity." *Id.* (emphasis in original).

   Further, the official-capacity suit against Sheriff Carona should not be the occasion for repetitive proof of the alleged unconstitutional "custom or policy" simply because there are two theories that accommodate the same proof. Similarly, neither should the official-capacity suit occasion repetitive instructions to the jury on what is, in all respects, the same theory of liability as is claimed against the County of Orange and the Orange County Sheriff's Department: maintenance of a "custom or policy" showing deliberate indifference to constitutional rights.

with an appropriate policy." *See Gibson v. County of Washoe,* 290 F.3d 1175, 1185–86, 1193–94 (9th Cir.2002) (citing *Monell v. Dept. of Social Servs.,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). A jury may infer deliberate indifference if "a municipal actor disregarded a known or obvious consequence of his action." *Id.* at 1194 (citation and internal quotation marks omitted).

We hold that Fuller submitted sufficient evidence to create a triable issue of fact as to Fuller's § 1983 municipal liability claim, and reverse the district court's grant of summary judgment for the County of Orange and the Orange County Sheriff's Department.

## II.

■ We affirm the district court's grant of summary judgment for the Defendants on Fuller's First Amendment claims because Fuller has not proffered sufficient evidence to establish a triable issue of fact. To establish a prima facie First Amendment violation, Fuller must show: (1) "that a state actor took some adverse action against [him] (2) because of (3)[his] protected conduct, and that such action (4) chilled [the] exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *See Rhodes v. Robinson,* 408 F.3d 559, 567–68 (9th Cir.2005) (footnote omitted). There is no evidence that the deputies used force against Fuller because of Fuller's speech or that the deputies' use of force chilled the exercise of Fuller's First Amendment rights.

## III.

The district court predicated its dismissal of Fuller's California law claims on its holding that the amount of force used was objectively reasonable. Because the district court erred in so holding, we reverse the grant of summary judgment on all California law claims, except those premised on a First Amendment violation. For the reasons stated *supra* Part I.C, we affirm the district court's grant of summary judgment for Sheriff Carona on all California law claims to the extent they seek to impose liability against Sheriff Carona in his personal capacity. We reverse the district court's grant of summary judgment for Sheriff Carona on Fuller's California law claims against Sheriff Carona in his official capacity.

■ The individual Defendants are not eligible for qualified immunity under California law because California denies qualified immunity to officers who use excessive force. *See Robinson v. Solano County,* 278 F.3d 1007, 1016 (9th Cir.2002). We need not decide whether sufficient evidence supports municipal liability under California law because California has rejected the rule in *Monell,* and imposes *respondeat superior* liability on municipalities for the constitutional violations of their employees. *See id.* (citing Cal. Gov't Code § 815.2).

## IV.

■ We affirm the district court's denial of summary judgment for Fuller on his Fourth Amendment claims. Viewing the facts in the light most favorable to the Defendants, the deputies did not use an unreasonable amount of force in searching and booking Fuller. According to the deputies' affidavits, Fuller was uncooperative, intoxicated, and resisted the deputies in conducting the search, which required the deputies to place Fuller in a rear wristlock. The deputies do not admit to any other use of force on Fuller. Under these circumstances, placing Fuller in a rear wristlock did not constitute an unreasonable use of force.

## V.

We affirm the district court's denial of Fuller's motion to reconsider the magistrate's discovery rulings. A district court's denial of a motion to reconsider a magistrate's discovery order can be overturned on appeal only if such denial is "clearly erroneous or contrary to law." *Osband v. Woodford,* 290 F.3d 1036, 1041 (9th Cir.2002) (citation and internal quotation marks omitted).

First, Fuller contends the magistrate erred in quashing a deposition notice to Sheriff Carona. The magistrate did not entirely preclude Carona's deposition, but merely required the exhaustion of less intrusive alternatives before deposing Carona. Thus, the district court's denial of Fuller's motion to reconsider this discovery order was neither clearly erroneous nor contrary to law.

Second, Fuller asserts the magistrate erred in denying his motion to compel the County of Orange to respond to Fuller's requests for production of documents. The district court held Fuller's requests violated the limitations on discovery under Federal Rule of Civil Procedure 26(b)(2) and Federal Rule of Civil Procedure 34(b). According to the magistrate judge, the requests asked the County to produce documents that are irrelevant to Fuller's excessive use of force claims and "to produce every imaginable document and any other thing generated by each of the County's various departments, agents or employees." The district court's denial of Fuller's motion to reconsider this discovery order was neither clearly erroneous nor contrary to law.

Although the district court did not clearly err at the time it issued its Order, in light of the intervening events, our disposition does not preclude Fuller from seeking additional discovery.

Because we reverse the district court's grant of summary judgment for the Defendants and remand for further proceedings, Fuller's contention on appeal that the district court erred in denying his motion to retax costs is moot.

**AFFIRMED** in part, **REVERSED** in part, and **REMANDED.** Each party shall bear its own costs on appeal.