**David J. CARPENTER, Petitioner—Appellant,**

**v.**

**Robert L. AYERS, Jr., Respondent—Appellee.**

**David J. Carpenter, Petitioner—Appellant,**

**v.**

**Robert L. Ayers, Jr., Respondent—Appellee.**

Nos. 08–99019, 08–99020.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 16, 2009.

Filed July 31, 2009.

Robert Dale Bacon, Oakland, CA, Michael Malone Crain, I, Esquire, CJA Panel, Law Offices of Michael M. Crain, Santa Monica, CA, for Petitioner–Appellant.

James William Bilderback, II, Supervising Deputy Attorney General, AGCA–Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: D.W. NELSON, W. FLETCHER and PAEZ, Circuit Judges.

### MEMORANDUM *

David J. Carpenter seeks to appeal a protective order issued by the district court regarding the use of his current competency evaluation. The district court's order forbids the evaluation to be used in any other proceedings, but allows the evaluation to be used to litigate the merits of Carpenter's two habeas petitions

---

\* This disposition is not appropriate for publication and is not precedent except as provided

now before the district court. Carpenter claims that he can appeal the protective order under the collateral order doctrine, or in the alternative, requests that we treat his appeal as a petition for a writ of mandamus. We hold that the protective order is not immediately appealable under the collateral order doctrine and dismiss his appeal for lack of jurisdiction. We also deny his alternative request for mandamus relief.

We determine our subject matter jurisdiction de novo. *See Nat'l Ass'n of Agric. Employees v. Fed. Labor Relations Auth.*, 473 F.3d 983, 986 (9th Cir.2007). In order to be appealable under the collateral order doctrine of 28 U.S.C. § 1291, an interlocutory order "must satisfy three requirements: (1) it must be 'conclusive'; (2) it must 'resolve an important question separate from the merits'; and (3) it must be 'effectively unreviewable on appeal from a final judgment.'" *Osband v. Woodford*, 290 F.3d 1036, 1039 (9th Cir.2002) (quoting *Wharton v. Calderon*, 127 F.3d 1201, 1202 (9th Cir.1997)).

The state concedes that the protective order is both conclusive and resolves an important question separate from the merits. We agree. However, we hold that the protective order is not effectively unreviewable on appeal from final judgment. This case is unlike cases where we allowed appeals of district court orders concerning privileged information. In *Bittaker v. Woodford*, 331 F.3d 715, 717–18 (9th Cir. 2003) (en banc), and *Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir.2002), we held that district court orders concerning the release of privileged attorney-client communications were appealable. In *United States v. Griffin*, 440 F.3d 1138, 1141–42

by 9th Cir. R. 36–3.

(9th Cir.2006), we allowed an appeal from a district court order requiring the release of privileged marital communications. Carpenter's competency evaluation is not a privileged communication in the sense of these cases. Further, during oral argument, Carpenter could assert no "significant strategic decisions" that would turn on the validity of the protective order. *Bittaker*, 331 F.3d at 717–18. No irreparable harm will result if, on appeal after final judgment, this court finds fault with the district court's protective order.

■ We also deny Carpenter's request to treat his appeal as a petition for a writ of mandamus. We consider the five factors described in *Bauman v. United States Dist. Court*, 557 F.2d 650 (9th Cir.1977), to determine whether to issue the writ:

> (1) The party seeking the writ has no other adequate means, such as a direct appeal, to attain the relief he or she desires. (2) The petitioner will be damaged or prejudiced in a way not correctable on appeal ... (3) The district court's order is clearly erroneous as a matter of law. (4) The district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules. (5) The district court's order raises new and important problems, or issues of law of first impression.

*Id.* at 654–55 (internal citations omitted). Carpenter has not satisfied these factors.

DISMISSED and DENIED.[1]

---

1. Carpenter's pending motion before this court to take judicial notice is denied as moot.

