**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 24 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30212 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00110-TOR-1 |
| v. | |
| BYRON CORNELIUS PRINCE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Argued and Submitted August 26, 2014
Seattle, Washington

Before: WARDLAW, GOULD, and CHRISTEN, Circuit Judges.

Byron Prince appeals from his conviction for being a felon in possession of

a firearm in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction under 28

U.S.C. § 1291 and affirm the judgment of the district court.[1] In a separate opinion

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[1] The parties are familiar with the facts, so we will not recount them here.

issued concurrently, we affirm the district court's ruling that Prince's prior conviction for attempted robbery in California was a "violent felony" under the Armed Career Criminal Act.

## I.      Extrinsic Evidence

Allowing the jurors to handle a gun and holster introduced during the trial did not constitute the introduction of extrinsic evidence. A jury may carefully examine all evidence presented at trial. *See United States v. Rincon*, 28 F.3d 921, 926–27 (9th Cir. 1994). Even if this was extrinsic evidence, its introduction did not create a reasonable possibility of a different verdict. *See Rincon*, 28 F.3d at 926. The evidence against Prince was strong and the defense's own theory of the case assumed the gun fit into the holster. Further, the government presented uncontroverted testimony that the gun fit into the holster, and the jury could likely see that the gun and holster fit together. The district court did not err by allowing the jurors to examine and handle the gun and holster.

## II.     Improper Jury Deliberations

Prince's allegation of juror misconduct is unsupported. No evidence shows that the jurors "engaged in private deliberations" in the courtroom. Even if the jurors had engaged in improper discussions as they passed the gun and holster among themselves, Prince cannot demonstrate that any misconduct prejudiced him

2

"to the extent that he [did] not receive[] a fair trial." *See Anderson v. Calderon*, 232 F.3d 1053, 1098 (9th Cir. 2000) (quoting *United States v. Klee*, 494 F.2d 394, 396 (9th Cir. 1974)) (internal quotation marks omitted), *overruled on other grounds by Osband v. Woodford*, 290 F.3d 1036, 1042 (9th Cir. 2002). There was strong evidence of Prince's guilt, and, accepting the declaration from Prince's counsel as true, the jurors' communications lasted no more than a few minutes.

We **AFFIRM** the district court's judgment of conviction.