**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HYRUM JOSEPH WEST, | No. 15-16913 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-00271-APG-VCF |
| v. | |
| NYE COUNTY DETENTION; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted May 8, 2017**

Before:     REINHARDT, LEAVY, and NGUYEN, Circuit Judges.

Hyrum Joseph West, a former pretrial detainee, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

constitutional claims. We have jurisdiction under 28 U.S.C. § 1291. We review de

novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We may affirm on

---

*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

any basis supported by the record. *Enlow v. Salem-Keizer Yellow Cab Co.*, 389 F.3d 802, 811 (9th Cir. 2004). We affirm in part, vacate in part, and remand.

Summary judgment was proper on West's medical deliberate indifference claim because under any potentially applicable standard, West failed to raise a genuine dispute of material fact as to whether defendants "kn[ew] of and disregard[ed] an excessive risk to [West's] health and safety." *Toguchi*, 391 F.3d at 1057-58 (neither a prisoner's difference of opinion concerning the course of treatment nor mere negligence in treating a medical condition amounts to deliberate indifference); *Lolli v. County of Orange*, 351 F.3d 410, 419 (9th Cir. 2003) (pretrial detainee's claim of medical deliberate indifference is analyzed under the Fourteenth Amendment Due Process Clause rather than under the Eighth Amendment, but same standards apply); *see also Castro v. County of Los Angeles*, 833 F.3d 1060, 1067-71 (9th Cir. 2016) (en banc) (setting forth elements of Fourteenth Amendment failure-to-protect claim by pretrial detainee); *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (supervisory liability under § 1983 requires "knowledge of and acquiescence in unconstitutional conduct" by subordinates).

Summary judgment was proper on West's conditions-of-confinement claim

2                                                                15-16913

against defendants Demeo, Marshall, and Rising in their individual capacities because West failed to raise a triable dispute as to whether these defendants "kn[ew] of and disregard[ed] an excessive risk to [his] health or safety . . . ." *Farmer v. Brennan*, 511 U.S. 825, 837 (1970) ("[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.").

Summary judgment was proper on West's conditions-of confinement claim against defendants Nye County and Demeo, Marshall, and Rising in their official capacities with regard to alleged policies or customs of (1) not medically screening for contagious diseases and (2) delaying medical treatment for pretrial detainees because West failed to raise a triable dispute as to whether defendants had in place such policies or customs. *See Castro*, 833 F.3d at 1073-76 (discussing requirements to establish municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978)).

However, West raised a triable dispute as to whether defendants Nye County and Demeo, Marshall, and Rising in their official capacities had a policy or custom of using the old Pahrump jail during construction of the new jail facility despite allegedly inhumane conditions due to rust, black mold, and asbestos. Defendants'

15-16913

discovery responses indicating that individual defendants were unaware of any inhumane conditions at the old Pahrump jail were insufficient to demonstrate the absence of a triable dispute as to whether Nye County's policy or custom caused injury to West and whether the policy or custom reflected deliberate indifference to West's constitutional rights. *See id.* at 1076 ("[T]he deliberate indifference standard for municipalities is always an objective inquiry."); *see also Monell*, 436 U.S. at 690 n.55 (official capacity suits "represent only another way of pleading an action against an entity of which an officer is an agent"). We vacate the judgment in part and remand for further proceedings on this claim only.

The district court did not abuse its discretion by denying West's motion for leave to amend to add members of the Nye County Board of County Commissioners as defendants. *See Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) (setting forth standard of review and factors for permitting leave to amend).

The district court did not clearly err by affirming the magistrate judge's order denying West's motions to compel discovery and for leave to expand the interrogatory limit. *See Osband v. Woodford*, 290 F.3d 1036, 1042 (9th Cir. 2002) (setting forth standard of review).

West forfeited his opportunity to appeal the denial of his motion for

4                                                                                   15-16913

extension of time for discovery and "motion for discovery" because he did not file any objections to the magistrate judge's order. *See Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996) ("[A] party who fails to file timely objections to a magistrate judge's nondispositive order with the district judge to whom the case is assigned forfeits its right to appellate review of that order.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

In sum, we vacate summary judgment only on West's conditions-of-confinement claim against defendants Nye County and Demeo, Marshall, and Rising in their official capacities, based on the alleged policy or custom of using the old Pahrump jail during construction of the new jail facility despite allegedly inhumane conditions due to rust, black mold, and asbestos. The district court may wish to reconsider its discovery rulings in light of our determination. In all other respects, we affirm.

Each party shall bear its own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**

15-16913